WHEELER *against* WHEELER :

IN ERROR.

THIS was an appeal from a decree of the court of probate for *Stonington* district, passed *August* 13th, 1812. The decree was as follows : " Whereas in the settlement of the estate of *Shepard Wheeler*, late of *Stonington*, deceased, represented insolvent, it appeared by the return of commissioners, that the sum of 1930*l.* was due from said estate, and an order was given by said court to one *John Denison* to sell so much of the real estate of said deceased as would raise said sum, as per order dated *March* 7th, 1800 ; and that said *Denison*, pursuant to said order, did sell the same accordingly : And whereas an appeal having been taken on the appointment of said *Denison* to sell said estate by said court, and also on the acceptance of his returns, the doings of the court of probate have been duly set aside and rendered void by the judgment on said appeal :(*a*) And whereas upon the reversal of the doings of said court of probate, said estate remains unsettled and the debts unpaid, and the personal estate being deficient to raise the sum of 1930*l.* for the payment of said debts : Now, on application of *Shepard Wheeler*, the present administrator, for liberty to sell as much of the real estate of the deceased as will, with the personal estate, pay the debts due from said estate, said administrator is hereby authorized and empowered to sell at public sale so much of the real estate of the said deceased as will raise said sum of 1930*l.* for the payment of said debts, and incident charges of sale &c., and make return to this court."

The following facts were stated by the appellant in assigning the reasons of appeal : 1. That the estate in question being represented insolvent, commissioners were appointed,

Where a decree of probate ordering a sale of real estate for the payment of debts had been set aside on appeal, and a subsequent decree was made for the same purpose ; it was held to be no objection to the last decree that real estate had been sold under the first, and the avails paid over to the creditors in full satisfaction of their claims ; for assuming that no debts were due to such creditors at the date of the last decree, and that the money paid over to them cannot be recovered back, the administrator becomes

a creditor for the amount, and the sale ought to be made to pay him. An appeal being taken from a decree of probate ordering a sale of real estate to the amount of 1930*l.* for the payment of debts, one of the reasons of appeal was, that in this sum an allowance of 120*l.* to the widow was included ; but as the fact alleged did not distinctly appear, and as it had been found by a former decree of probate from which no appeal had been taken, that the personal estate had been duly administered upon, and applied to the payment of debts, and that the sum of 1930*l.* remained after such application, the objection was overruled, and the order of sale affirmed.

(*a*) See the case of *Swan* v. *Wheeler*, 4 *Day's Ca.* 137 to 141.

who made report of the debts by them allowed amounting to 1966*l.* which report was accepted by the court of probate on the 4th of *March* 1800 ; and immediately thereafter the administrator paid to the several creditors the full amount of their several debts, and took their several receipts, which were lodged on the files of the court of probate.   2. That to make out the sum of 1930*l.* for the payment of which a sale of real estate was ordered, an allowance to the widow of 120*l.* was included.   It was also alleged in the assignment of reasons, that it did not appear, that the whole personal estate of the deceased had been applied to the payment of debts prior to the order of sale.   The appellee in reply averred, that before the first order of sale, the court of probate found and adjudged, that the personal estate of the deceased had been duly administered upon and applied to the payment of the debts, and that the sum of 1930*l.* still remained to be paid ; which finding and decree of the court of probate had never been appealed from, or set aside.   These facts were admitted by the pleadings.

The superior court affirmed the decree appealed from ; and on that judgment this writ of error is brought.

*Daggett* and *Goddard* for the plaintiff in error, contended,
1. That the debts against the estate of *Shepard Wheeler,* deceased, having been paid, there was no authority in the court of probate to order a sale of lands.
2. That the order of the court of probate to sell lands to the amount of 1930*l.,* part of which was an allowance of 120*l.* to the widow, is not warranted by law.   *Stat. tit.* 60. *c.* 1. *s.* 22.

*Cleaveland* for the defendant in error.

SMITH, J.   It appears from the record, that as long ago as the year 1800, land was sold, by an order of the court of probate, for the payment of debts ; and that the money was paid over to the creditors, their receipts taken in full, and lodged with the court of probate.   It appears also, that the order under which such sale was made, was set aside by the superior court, on appeal, whereby the sale was rendered void.   The question for this court to decide

is, whether under the above circumstances the order now in question could be made, in order to raise money for the payment of those debts, which were apparently satisfied by the former sale?

It has been argued, that the creditors were all paid, and their receipts taken in full, so that there were now no debts due for which lands could be sold. It was also argued, that these moneys having been paid over voluntarily to the creditors, and being no more than was justly due to them, could not be recovered back.

It does not, however, appear to me necessary to go into an investigation of these questions; because if it were admitted that there were now no debts due to the former creditors, and that the moneys formerly paid them could not be recovered back, it would follow that the administrator would become the creditor, and the land ought to be sold to pay him. Surely it cannot be contended, that an estate is to be exempt from the payment of just debts, by means of any mistake which may intervene in the sale of real estate.

Another ground of objection to the decree of the court of probate was, that an allowance to the widow of 120*l.* was included with the debts to make out the sum of 1930*l.* for the payment of which the lands were ordered to be sold. Whether this objection has any foundation in point of fact does not very clearly appear from the record. The debts allowed by commissioners amount to 1966*l.*, and the personal estate appears to have been administered upon and applied before the order of sale was made. Now, whether the sum found and reported by the commissioners, and that which was allowed to the widow, were first united, and the personal estate applied to them indiscriminately, leaving the sum of 1930*l.*; or whether the personal estate was applied to pay the sum allowed to the widow, distinctly, in the first place, and the remainder applied to pay the debts, is uncertain, and cannot be determined by the record. Nor do I feel very solicitous to search after this fact, because I find it to be expressly stated and admitted, that the court of probate did adjudge, that the personal estate had been duly administered upon, and applied to the payment of debts, and that the sum of 1930*l.* remained due after such application.—

*Hartford,*
*June, 1814.*

Wheeler
*v.*
Wheeler.

This was a former adjudication of the court of probate from which no appeal was taken, and must, therefore, conclude the parties. It is, therefore, too late to dispute the fact that such an amount of debts was due.

The other Judges were of the same opinion.

Judgment affirmed.