Barnum v. Boughton.

————————————◄●●●►————————————

VIRGIL E. BARNUM *vs.* LUCIUS H. BOUGHTON, ADMINISTRATOR.

FAIRFIELD CO., MARCH T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The statute (Gen. Statutes, p. 391, sec. 24,) provides that courts of probate may allow out of the estate of a deceased person such amounts as they may judge proper for the support of the widow or family during the settlement of the estate. Another statute (Gen. Statutes, p. 397, sec. 2,) provides that when any debt, legacy or distributive share becomes due to any one from the estate of a deceased person, his creditors may attach it in the hands of the executor or administrator. Held that an allowance made for the support of the widow by the probate court could not be attached by a creditor of the widow in the hands of the administrator.

[Argued March 16th—decided March 25th, 1887.]

SCIRE FACIAS upon a process of foreign attachment; brought to the Superior Court in Fairfield County and heard on a demurrer to the defendant's plea before *Stoddard, J.* Plea held sufficient and judgment rendered for the defendant. Appeal by the plaintiff. The case is sufficiently stated in the opinion.

*H. W. Taylor,* for the appellant.

*S. D. Brewster* and *H. B. Scott,* for the appellee.

PARDEE, J. The statute provides that the court of probate may allow out of the estate of a deceased person such amounts as it may judge proper for the support of the widow or family of the deceased during the settlement of the estate. Another statute provides that when any debt, legacy or distributive share is or may become due to any one from the estate of a deceased person his creditor may attach it in the hands of the executor or administrator.

William A. Daniels died, leaving a widow. The probate court made an allowance of two hundred dollars for her support during the settlement of the estate. The plaintiff, a creditor of the widow, attached it in the hands of the administrator. Upon demurrer the Superior Court determined that it could not be made the subject of attachment. The plaintiff appealed.

Upon the death of a man the law takes instant possession of his entire estate in the interest of an orderly appropriation thereof, first, to the payment of certain preferred debts; secondly, of the remaining debts in equal proportions; thirdly, for the payment of specific legacies; the remainder to be divided among the heirs. If there are wife and children surviving, presumably they are without means for providing themselves with instant food and fuel, except as they may claim these necessaries from the hand of public charity; and must so continue until the law has completed the work of division; a work of statutory necessity, spreading over a considerable space of time. In the interest of humanity and for the prevention of what in almost every case would be an unseemly and unnecessary demand upon public charity, the law provides that the probate court may make such temporary allowance to the widow or children as shall supply their daily recurring needs. Of course, if it shall finally result that the estate is not equal to the debts, these last are to bear the burden of the temporary necessities of the family. This is no hardship, because every man knows when he gives credit to another that death may overtake the debtor when he is unable to pay and that a portion of such assets as he may have will be expended for the temporary support

of his wife and children. It is a risk intentionally assumed, and the result therefore not to be complained of. If such an allowance has been made to a widow it is in no such sense a debt from the estate to her as that her creditor can intercept it by attachment on its passage from the estate to her. The grant is in derogation possibly of the rights of creditors of the estate; it is permitted for one purpose only —to feed her from day to day; dedicated by statute to a particular use in such manner as to be incapable of appropriation to any other; she could neither ask nor receive it for the payment of her debts; the probate court could not grant it for that purpose; and, even if allowed, the court upon coming to the knowledge of the fact that it was not needed for the supply of her wants, might revoke it. If one allowance can be intercepted so can every other; for if the door is opened for one creditor it.cannot be closed against any; and the entire estate might thus be diverted from its legal destination. The law will not permit the instant necessities of the widow and the ultimate rights of the creditors of the estate to be postponed, in its name, to the demands of her creditors.

There is no error in the judgment complained of.

In this opinion the other judges concurred.