# SUPPLEMENT.

## MARY L. BAKER'S APPEAL FROM PROBATE.

Superior Court, Tolland Co., Sept. T., 1888.

The act of 1877 (Gen Statutes, § 623) provides that the wife shall have a certain share of her deceased husband's estate where there is no will, and that she shall be allowed a reasonable sum from his estate for her support during the settlement of the estate, but provides that in that case she shall not receive her statutory share until after the expiration of the time for which the allowance is made. It also provides that where she has under a written contract received from the husband before marriage what was intended as in lieu of her statutory share, she shall not receive such share. Held that where, by an ante-nuptial agreement, the wife had received from the husband a sum of money in lieu of her statutory share of his estate, she was still entitled to an allowance for her support during the settlement of the estate.

APPEAL from a decree of a probate court denying the application of the appellant for an allowance for her support from the estate of her deceased husband during the settlement of the estate; taken to the Superior Court in Tolland County. The executor pleaded in bar of the allowance an agreement of the wife in writing, before marriage, to accept a certain sum then paid her by the husband, in lieu of her statutory share, such an agreement being provided for by the statute. To this plea the appellant demurred.

The marriage took place after the act of 1877 (Gen. Statutes, § 623) took effect, and the rights of the parties were governed by that act.

*C. J. Cole* and *D. A. Markham*, for the appellant.

*C. H. Briscoe* and *J. P. Andrews*, for the appellee.

LOOMIS, J. It is provided in Gen. Statutes, § 604, that " courts of probate may allow out of any estate of a deceased person in settlement before such courts, such amount as they

(586)

may judge necessary for the support of the wife or family of the deceased during the settlement of the estate."

This is substantially the law as it has stood for more than a century on our statute books, and there has been little controversy as to its meaning.

But the act concerning the property of married women, passed in 1877, which provides for the share of the husband's property which the wife shall receive upon his death in case there is no will, makes this further provision with regard to the allowance to the widow for her support during the settlement of the husband's estate: — "The wife shall also, when in the opinion of the court of probate it is necessary, be allowed a reasonable sum from the estate of the husband, for her support and for the support of her family during the settlement of his estate ; but in that case she shall not take her statutory share till after the expiration of the time for which such allowance is made." Gen. Statutes, § 623.

In the present case the marriage took place after the act of 1877 went into effect, and the rights of the parties are determined by it. By that statute it is provided that the provisions " with regard to the statutory share of the surviving husband or wife in the property of the other, shall not apply to any case where, by written contract made before or after marriage, either party has received from the other what was intended as a provision in lieu of such statutory share." There was in this case an ante-marital agreement by which, for the sum of $50 then paid her, the wife agreed to make no claim to her statutory share in her husband's estate upon his death; and the claim is that this agreement is a bar, not only to her statutory share, but to the allowance for her support as well. The probate court, accepting this view of the law, refused to grant the allowance asked for, and the widow appeals from that denial to this court. The appellee pleads the agreement referred to as a bar to the granting of the allowance; and to this plea the appellant demurs.

It is manifest that the statute does not in terms make the written agreement in question a bar to the provision for an allowance for the support of the widow pending the settle-

ment of the estate, for it passes over that provision in silence and applies the bar specifically to the statutory share which the widow is to receive upon the final settlement of the estate. Were this all that the statute contains, the implication against the claim of the appellee would be conclusive. But there is the further provision, that where the probate court shall grant an allowance to the widow " she shall not take her statutory share till after the expiration of the time for which the allowance is made." It is contended that the allowance is merely to take the place of the delayed statutory share, and that where, as here, the widow is to have no statutory share, there is an implication that there should be no allowance for her support.

But such an inference is not warranted. The provision referred to was intended to protect the estate from her claim for her statutory share while she is receiving the allowance. It is only just that she should not have the benefit of both at the same time ; but the fact that she is to receive no statutory share is no reason for refusing her an allowance for her support.

This allowance for support is not a property right, nor in any sense an allowance of a share from the estate, nor an apportionment to her from the estate. Schouler on Domestic Relations, 17 ; Barnum v. Boughton, 55 Conn., 117.

It does not differ in either its nature, or in the reason for its existence, from the allowance made to the widow under the old law as it has existed for more than a century. It has never depended on the certainty or probability of the wife's receiving something upon the distribution of the estate. There may have been no real estate in which she could take dower, and the estate may have been insolvent, leaving nothing for distribution after the payment of debts, perhaps not enough even for the payment of the debts, so that the allowance to the widow may have come wholly out of the creditors.

The allowance to a widow for her support is in the nature of a continuance of the support after the husband's death which he or his estate had furnished her before his death.

But for it the widow and family, even where there is ample estate, might be subjected to great inconvenience and perhaps brought into an extremity. There is at first no legal certainty as to the condition of the estate, and until that certainty is arrived at by the completion of the settlement of the estate, the widow and family keep on, ordinarily in the home where they have lived, supported by a reasonable allowance from the estate.

I do not decide what would be the effect of a positive agreement of the wife that on the husband's death she would ask for no allowance for her support, for such is not the agreement under consideration. It refers in terms merely to the statutory share. For these reasons I find that the answer of the appellee to the application of the appellant and to her reasons for appeal is insufficient in the law.