OWEN R. HAVENS ET AL. APPEAL FROM PROBATE.

First Judicial District, Hartford, October Term, 1897. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Section 604 of the General Statutes authorizes the Court of Probate to allow out of any estate of a deceased person in settlement before it, such amount as it may judge necessary for the support of the widow or family of the deceased during the settlement of the estate. Upon petition of a widow, praying for the allowance of such sum as the court might deem necessary for her support, "during the settlement of the estate" of her deceased husband, the court ordered that a specified sum "be and the same is allowed per month for the support of the widow." *Held*:—

1. That this order, unless modified, revoked or set aside upon appeal, must be construed as authorizing and requiring the executors to continue the monthly payments during the settlement of the estate.

NOVEMBER, 1897. 685

Vol. 69        Havens et al. Appeal from Probate.

2. That the order for an allowance did not become inoperative after the lapse of one year, the estate remaining unsettled, because of an order previously made by the court fixing twelve months for its settlement.
3. That the fact that the widow was a legatee under the will of her deceased husband, did not, as matter of law, prevent her from obtaining such an allowance as the Court of Probate, in view of such legacy and of all the circumstances, might judge necessary.
4. That the Court of Probate erred in permitting the executors, in their final administration account, to charge payments made to the widow after one year from her husband's decease, against her legacy, where such payments were in fact made by way of allowance under the order of court.

[Argued October 7th—decided November 3d, 1897.]

APPEAL from an order and decree of the Court of Probate for the district of Hartford, allowing the administration account of the executors of the will of. Leonard Daniels, deceased, taken to the Superior Court in Hartford County and tried to the court, *Elmer, J.;* facts found and judgment rendered in favor of the appellants, and appeal by the executors for alleged errors in the rulings of the court. *No error.*

The material facts as they appear in the record and the finding of the Superior Court, are as follows:—

Leonard Daniels died in January, 1892, leaving an estate appraised at one and a quarter million dollars. By his will, as modified by three codicils, he gave to five persons legacies amounting to $6,500; to two persons each a life interest in $5,000; and to a grandson and nephew his mills and stock on hand, appraised at $90,000. He provided three trust funds of $100,000 each; the income of one to be paid semi-annually to his wife during her life, and the income of the other two funds to be paid during life in the same manner to his two daughters, Catherine Fisk and Abby D. Ellis respectively. The principal of each fund, after the termination of the life interest, was to be divided between his daughters and their children. This life interest in the trust fund of $100,000, was the only provision made for his widow, except a gift of personal property appraised at $350. The rest and residue of his estate he gave to his said two daughters and their children, the portion going to his grandchildren being given to trustees upon a specified trust. He appointed the

Security Company and Lewis E. Stanton, Esq., trustees of each of the trust funds under the will and codcils; and these trustees were also constituted two of the four executors.

The will was proved January 27th, 1892, and on that day, or a day or two afterwards, the Court of Probate made an order limiting twelve months for the settlement of the estate; which order remains unchanged. The estate was not settled in twelve months, and is still unsettled.

On February 19th, 1892, Mrs. Daniels (the widow) brought a petition to the Court of Probate, asking " that this court allow such amount as it may deem necessary for the support of your petitioner out of said estate, during the settlement of the same." Upon this petition the court made an order of notice which was duly served upon the executors, and on February     , 1892, the court granted the prayer of said petition for an allowance during the settlement of the estate, by an order recorded as follows: " Ordered, that four hundred sixteen and sixty-six one hundredths dollars ($416.66) be and the same are allowed per month for the support of the widow." This was the only order of allowance for Mrs. Daniels which appears of record as passed by said court, and said order was never appealed from nor revoked, nor modified in any manner. Mrs. Daniels died April 28th, 1896. The executors paid Mrs. Daniels to the time of her death the monthly allowance for her support during the settlement of the estate, as granted by order of court; fifty-one monthly payments amounting in all to $21,252.17. On November 18th, 1893, the executors presented an account, which was allowed by the Court of Probate November 23d. The account showed the payment of all debts, legacies and expenses, and, reserving $2,500 for future expenses, showed a " balance on hand for distribution," of $1,187,289.02. The account as adjusted and allowed by the court, contained among the payments this item: " To payment to Mrs. Daniels per schedule D, $8,750.05." Schedule D was an itemized statement of twenty-one payments of $416.67 each, from February 25th, 1892, to October 21st, 1893, inclusive, as " allowance to Mrs. Daniels." Some time after Mrs. Daniels' death, to wit, on July 2d, 1896,

the administrator on her estate made demand of the executors for the amount due Mrs. Daniels at the time of her death, on account of the income of the trust fund, under her husband's will. On July 23d, 1896, the executors replied, denying that anything was due Mrs. Daniels' estate. Afterward the executors filed another account with the Court of Probate, claimed by them to be their final account, which was adjusted and allowed by the court, October 10th, 1896. This account showed a balance on hand for distribution of $1,323,782.94, as follows:

*Cr.*

| | | |
|---|---|---|
| Balance on hand, per account rendered, . | | $1,187,289.02 |
| Amount reserved for future expenses, . . | | 2,500.00 |
| Gain on inventory sale of N. Y., | | |
| N. H. & H. R. R. Co. rights, | $ 23,788.95 | |
| Income rec'd per Schedule A, | 137,925.81 | |
| Int. on bal. from Security Co. | 6,144.64 | |
| Amount paid Mrs. Daniels from Jan. 2d to Oct. 1893, (referring to monthly payments of $416.67 each), erroneously charged in former account as "allowance of court" . . | 3,750.02 — | 171,609.42 |
| | | $1,361.398.44 |

*Dr.*

| | | |
|---|---|---|
| Bills paid, per Schedule B, . . . . | | $ 1,851.47 |
| Legal expenses, " C, . . . . . | | 4,530.56 |
| Annuities paid, " D, . . . . | | 750.00 |
| Loss on inventory on uncollected accounts . . | | 2,633.61 |
| Service of executors . . . : . . | | 11,500.00 |
| Payment to Mrs. Daniels of income on $100,000 given her under will, computed from Jan 18th, 1893 (referring to thirty-nine monthly payments of $416.67 each, made to Mrs. Daniels from Jan. 18th, 1893, to time of her death), | | |
| Amount carried forward . . . | | $21,265.64 |

Amount brought forward  .    .    .  $21,265.64
when order for payment of allowance to her as
widow, expired, and erroneously receipted for
as "on acct. of allowance of court,"                16,249.84
Reserved for probate fees, etc.,      .    .    .        100.00
Balance on hand for distribution, viz.: cash     137,331.59
Personal estate,  .    .    .    .    .    .  1,178,451.37
Real estate,    .    .    .    .    .    .    .     8,000.00

                                                   $1,361,398.44

From the order of the Court of Probate allowing this last
account, Mrs. Daniels' administrator (Owen R. Havens) and
the heirs at law of Mrs. Daniels (the present appellees),
appealed to the Superior Court; and assigned the following
reasons of appeal: —

" 1. Because the court allowed in said account, upon the
credit side thereof, the item of $3,750.02 as amount paid
Mrs. Daniels from January to October, 1893, income on
$100,000, erroneously charged in former account as 'allow-
ance of court.'    2. Because the court allowed in said account,
upon the debit side thereof, the item of $16,249.84, as pay-
ment to Mrs. Daniels of income on $100,000 given her under
will, computed from January 18th, 1893, when order for pay-
ments of allowance to her as widow expired, and erroneously
receipted for as 'on account of allowance of court.'    3. Be-
cause as to said item of $3,750.02, the same was not the
income received by said executors on $100,000 of said estate
for the period named, from January to October, 1893, and
was not paid as such to Mrs. Daniels.    4. Because said sum
of $3,750.02 was paid the said Mrs. Daniels out of the gen-
eral assets of said estate, and not from the income of any par-
ticular portion or fund of said estate.    5. Because said sum
of $3,750.02 was not erroneously charged in the former ac-
count of said executors as 'allowance of court.'    6. Because
said sum of $3,750.02 was paid by said executors to the said
Mrs. Daniels, as allowance, under the order of said Probate
Court.    7. Because said sum was paid to the said Mrs. Dan-
iels by said executors, knowingly and intentionally as allow-

ance, and was received by her and receipted for by her as such, in good faith, and was so charged by the executors against said estate. 8. Because as to said item of $16,249.84, the same was not the payment of income on $100,000 given the said Mrs. Daniels under the will of Leonard Daniels, her husband. 9. Because said sum of $16,249.84 was paid the said Mrs. Daniels out of the general assets of said estate, and not from the income of any particular portion or fund of said estate. 10. Because under the order of said Court of Probate, said allowance was to be paid the said Mrs. Daniels during the settlement of said estate, and was paid to her as such, during her life and while said estate was in settlement. 11. Because said sum of $16,249.84 was paid by the executors of said estate as ' widow's allowance ' and in accord with the order of the Court of Probate, and was paid by them understandingly as such, and was received by the said Mrs. Daniels as such allowance, and so receipted for by her. 12. Because said sum was charged against said estate by the said executors, knowingly and properly as allowance, and not as income. 13. Because the allowance of said items in said account as stated therein would deprive the said Mrs. Daniels and her estate of the legacy provided for her in the will of her husband, Leonard Daniels. 14. Because said will provides that the sum of $100,000 should be converted into a fund and be held in trust by certain trustees named in said will; the income, dividends, rents, and profits thereof to be paid over each six months to the said Mrs. Daniels, wife of the testator, during her life, and that said sum of $100,000 has never been set apart or converted into a fund and placed in the hands of trustees, as provided in said will, and no income on such fund has ever been paid to the said Mrs. Daniels, or to her legal representatives. 15. Because under the terms of said will the executors as such had no legal right to pay the said Mrs. Daniels the income on $100,000 of said estate. 16. Because said item of $3,750.02 has already been legally allowed by said court as ' widow's allowance ' in said former account, understandingly, both on the part of said Court of Probate and on the part of said executors, and was

690 NOVEMBER, 1897.

Havens et al. Appeal from Probate. Vol. 69

so received by Mrs. Daniels, and the same cannot now be changed from ' widow's allowance ' and allowed as income.

" The parties went to trial on a general denial of the facts alleged in these reasons of appeal. The Superior Court found the issues for the appellants, "and that all moneys paid to the said Laura P. Daniels by the executors were in fact, as they should have been, paid to her as the wife of said Leonard Daniels, out of his estate, as an allowance for her support during the settlement of said estate, pursuant to an order of said Probate Court directing and authorizing such payments, and were not otherwise paid; and that said accounts so accepted and approved by said Probate Court is erroneous and should be corrected in the following particulars : *First*, the item upon the credit side of the account, to wit, ' Amount paid Mrs. Daniels from January to October, 1893, income on $100,000, erroneously charged in former account as allowance of court, $3,750.02,' is improper, and should not have been allowed, and should be erased. *Second*, the item on the debit side of said account, to wit, ' Payment to Mrs. Daniels of income on $100,000, given her under will, computed from July, 1893, when order for payment of allowance to her as widow expired, and erroneously receipted for as ' on account of allowance of court, $16,249.84,' should not have been allowed, and should be erased, and in lieu thereof there should be the following charge to the said executors : ' Payment to Mrs. Daniels as allowance, $12,499.82 ; ' "—and rendered judgment accordingly for the appellants. From that judgment the executors—appellees in the Superior Court—appealed to this court.

Upon the trial to the court below, the executors made the following claims, to wit: " 1. That the order of the Probate Court, making an allowance for the support of Mr. Daniels' widow, ran only to such time as she should become entitled to the benefit of the legacy of $100,000 mentioned in said second item of Mr. Daniels' will, and that she became entitled to the benefit of said legacy not later than February, 1893, and that from and after January, 1893, the allowance made by said order ceased. 2. That all payments made sub-

NOVEMBER, 1897.                 691

Vol. 69          Havens et al. Appeal from Probate.

sequently to January, 1893, as evidenced by said receipts, were not authorized by said order of the Probate Court. 3. That the preliminary account of November, 1893, was erroneous in so far as it made payments to Mrs. Daniels after January, 1893, a charge upon the estate of Mr. Daniels as allowance to his widow under said order of allowance. 4. That all payments evidenced by said receipts made to Mrs. Daniels after January, 1893, should have been charged to her against the income of the legacy provided for her in said second item of Mr. Daniels' will. 5. That in the settlement of the account of October, 1896, it was proper for the executors to correct the error above referred to in the account of November, 1893, and that the action of the Probate Court in accepting and approving said account of October, 1896, was proper and legal. 6. That the real controversy in this appeal was between the representatives of Mrs. Havens upon the one hand, and the beneficiaries in the residuary estate of Mr. Daniels upon the other, and that said beneficiaries were not concluded from making the claim that all payments to Mrs. Daniels subsequent to January, 1893, as evidenced by said receipts, should have been charged to the income of her legacy rather than as allowance under said order, by any mistaken action on the part of the executors of Mr. Daniels' estate. 7. That the words, 'during the settlement of the estate,' contained in § 604 of the General Statutes of this State (Revision of 1888), do not define the time during which the allowance made to a widow is to continue, but only the purpose of such allowance, namely, to provide support for the widow while the estate is being settled, and that if the words 'during the settlement of the estate' had been incorporated into the order passed by the Probate Court making an allowance for Mrs. Daniels, so that it read, 'Ordered, That $416.66 be, and the same are hereby allowed per month for the support of the widow during the settlement of the estate,' that said allowance would not then have continued during the entire time covered in the settlement of Mr. Daniels' estate, but only to such time as Mrs. Daniels should become entitled to the provision made for her support by the will of her husband. 8. That

the fact that previous to the passing of said order the court
had already limited the time for the settlement of Mr. Dan-
iels' estate to twelve months, and the further fact that, by the
terms of Mr. Daniels' will, provision was made for her sup-
port after twelve months had expired from the date of pro-
bating his will, imposed upon the order of allowance the legal
construction that it should terminate as early as February,
1893, and that it did terminate by that time.   9. That the
fact that the $100,000, mentioned in said second item of
Mr. Daniels' will, was not in fact set apart as a separate
trust fund, did not affect the right of Mrs. Daniels to the
income of said fund after one year from the death of her
husband, and that said order of allowance and her right to
said income did not exist concurrently."

The appeal to this court assigns as error the neglect and
refusal of the court below to rule in accordance with the
above claims.

*Henry C. Robinson* and *Frank L. Hungerford*, for the ex-
ecutors.

The law of this State governing allowances will not per-
mit an allowance to run concurrently with a provision for
support made by will, under such an order as was passed for
Mrs. Daniels, who became entitled to the provision made for
her by will, in one year after her husband's decease.   Gen.
Stats., §§ 604, 623; *Lawrence* v. *Security Co.*, 56 Conn. 423.
Even if in the order of allowance made by *Judge Freeman*, the
words " during the settlement of the estate " had appeared,
still Mrs. Daniels would have been entitled to the allowance
only during the period that she was not entitled to other
provision for her support, by will or otherwise, out of Mr.
Daniels' estate; and in this case that period was for one
year only from the death of her husband.   This proposition
is fully sustained by *Leavenworth* v. *Marshall*, 19 Conn. 408.
See also *Baker's Appeal*, 56 id. 588; 1 Woerner, Amer. Law
Adm. 79; *Barnum* v. *Boughton*, 55 Conn. 117; *Washburn* v.
*Washburn*, 10 Pick. 374; Schouler, Exrs. & Admrs. § 453;
*Turner* v. *Turner*, 30 Miss. 428; *Meech* v. *Weston*, 33 Vt.

561; *Reid* v. *Porter*, 54 Mo. 265. In holding that an allowance for support to the family of a deceased person, out of such person's estate, is a temporary provision only, and is not to be continued concurrently with other provisions, either statutory or testamentary, our State is in line with the best authorities elsewhere. *Adams* v. *Adams*, 10 Metc. 170; *Hubbard* v. *Wood*, 15 N. H. 74; *Woodbury* v. *Woodbury*, 58 id. 74; *In re Walkerley*, 77 Cal. 642; *Shipman* v. *Keys*, 127 Ind. 356. Mrs. Daniels' legacy became payable twelve months after her husband's decease. Schouler on Exrs. § 478; 1 Swift's Dig. 460; *Bartlett* v. *Slater*, 53 Conn. 106; *Lawrence* v. *Security Co.*, 56 id. 439. The Court of Probate not only had the power to accept the final account correcting the preliminary account and the erroneous payments, but it was its duty to do so. *Mix's Appeal*, 35 Conn. 123; *Clement's Appeal*, 49 id. 519; Woerner, Amer. Law o' Admin. § 504. If money was paid to Mrs. Daniels by the executors under a mistake of law, neither she nor her representatives have any vested right to that money which will prevent the righting of the wrong in the final administration account. *Mansfield* v. *Lynch*, 59 Conn. 325.

*Arthur F. Eggleston* and *Albert C. Bill*, for Owen R. Havens et al.

The nature of the allowance to a widow for her support under the statute, is clearly defined by *Judge Loomis* in *Baker's Appeal from Probate*, 56 Conn. 588, 589. The necessity and propriety of granting an allowance to a widow for her support out of the estate of her deceased husband, are purely discretionary with the Court of Probate, and its order in granting the same cannot be reviewed except upon appeal. 1 Woerner, Law of Admin. § 79; *Lawrence* v. *Security Co.*, 56 Conn. 443. Upon legal principles it makes no difference whether the allowance is made by the Court of Probate in a gross sum, or in monthly or other periodical payments, during the settlement of the estate. *Meech* v. *Weston*, 33 Vt. 561. The money was paid during the settlement of the estate, as the statute provides. The order was passed upon the peti-

694 NOVEMBER, 1897.

Havens et al. Appeal from Probate. Vol. 69

tion asking for an "allowance" during the settlement of the estate. The Court of Probate granted the petition, and passed the order in question. That order never was appealed from ; it never was rescinded, revoked, or modified. The executors of Mrs. Daniels and all parties in interest understood that the allowance was made her during the settlement of the estate, and for the full period of such settlement. *Richardson* v. *Estate of Merrill*, 32 Vt. 33. Granted that this order authorized the executors to pay the sums of money in question as "allowance" to the widow for the time they paid her, no authority existed in the Court of Probate, after the payment of these sums of money, to change its decree, in order that any portion of these sums which had been paid as *allowance*, might be considered as payments of income. *Pettee* v. *Wilmarth*, 5 Allen, 144. The case of *Leavenworth* v. *Marshall*, 19 Conn. 417, upon which the executors rely, is very different from the case at bar. The time limited for the settlement of Leonard Daniel's estate, in nowise gives construction to the probate order granting an allowance to the widow for her support. The estate was not in fact settled at the end of one year from his death, nor is it settled now, more than five years thereafter. Mrs. Daniels never received her legacy under the will, nor any portion of the income therein provided to be paid her ; and she was at the end of the first year after the death of the testator in as much need of support out of the estate, as she was when the order was made granting her an allowance.

HAMERSLEY, J. The Superior Court has found that the disputed entries are untrue in fact; that no payments were made by the executors to Mrs. Daniels of income from the fund bequeathed to the trustees for her benefit ; but that all the payments covered by these entries were in fact made in pursuance of an order of court directing them to be made as an allowance for the support of the widow during the settlement of the estate. The Court of Probate having jurisdiction to make such an order, and no appeal being taken, and the order remaining unrevoked, the executors were fully pro-

NOVEMBER, 1897.                    695

Vol. 69              Havens et al. Appeal from Probate.

tected in making the payments and entitled to charge them
against the estate in their administration account.   General
Statutes, § 445.   The finding, therefore, justifies the judgment
rendered, unless in reaching such conclusion the court be
low applied some erroneous principle of law.

The errors in law assigned by the appellants (the executors)
all depend upon the determination of their primary claim, to
wit: The order making an allowance for the support of the
widow, of $416.67 per month, must be construed as limiting
the monthly payments authorized to a period of one year
from the death of the testator; and all payments made sub-
sequent to the expiration of this period were unwarranted by
the order, and illegal.   We think the Superior Court did not
err in overruling this claim.

The allowance authorized by statute is "such amount as
they (Courts of Probate) may judge necessary for the support
of the widow or family of the deceased during the settlement
of the estate."   General Statutes, § 604.   The petition of
Mrs. Daniels "prays that this court allow such amount as it
may deem necessary for the support of your petitioner, out
of said estate, during the settlement of the same."   Upon
this petition the court ordered a hearing to be had, and no-
tice to be given the executors to "show cause, if any they
have, why the prayer of said petition should not be granted;"
and described the petition as "praying that an allowance be
granted for her support during the settlement of said estate."
Upon this petition, in pursuance of this order, a hearing was
had and the prayer of the petition was granted, by a judg-
ment recorded as follows: "Ordered, that four hundred six-
teen and sixty-six one hundredths dollars ($416.66) be and
the same are allowed per month for the support of the widow."
This order must be read in connection with the statute au-
thorizing it, and in connection with the petition and order of
court directing a hearing; so read, it is impossible to construe
it otherwise than as a finding by the Court of Probate that
the prayer for an allowance out of the estate during the set-
tlement of the same, ought to be granted, and that the amount
deemed necessary by the court for the support of the widow

during the settlement of the estate is the monthly payment named. In determining, in pursuance of the statute, the amount it judges necessary for the support of the widow during the settlement of the estate, as so many dollars per month, the court necessarily determines that a monthly payment of such sum during the settlement of the estate is the amount it judges necessary for support during that period. No other construction is permissible.

Had the court, anticipating the estate would be settled in one year, ordered that five thousand dollars be allowed during settlement, the executors could pay no more, however long the settlement might be delayed, unless a new order should be made. Had the court, anticipating the estate would not be settled in four years, ordered that twenty thousand dollars be allowed, the executors could not pay less, however soon the estate might be settled, unless the order were revoked before payment had been made. But the court, recognizing the uncertainty attending the settlement of a large estate, has determined the amount necessary for the widow's support during settlement, in accordance with the time the settlement shall consume, and has ordered that so much per month be allowed during settlement. The executors are thereby authorized to make such monthly payments, until the order is modified, revoked, or set aside upon appeal; but no revocation can make illegal, payments previously made in pursuance of the order.

The executors urge two considerations for reading into the order the limitations claimed by them. *First*, that the Court of Probate having previously made an order limiting twelve months for the settlement of the estate, must be presumed to have contemplated a year's limitation to the monthly allowance. The first order, limiting a time for settlement, is not intended to and does not control the time that may actually be found necessary or convenient; and in the case of large estates, it frequently happens that the settlement is not accomplished within the limitation of this formal order. The natural presumption is, that the court contemplated the uncertainty of the time that might be taken in the settle-

ment of the estate, and therefore in determining the amount necessary for the widow's support during settlement, directed a monthly allowance that should proportion the whole amount allowed to the length of time it should be needed. *Second*, that Mrs. Daniels became entitled to the income of the trust fund bequeathed for her benefit, upon the expiration of twelve months from her husband's death; and (as claimed in the executors' brief) "the law of this State is clearly so that a widow's allowance does not continue after the time she becomes entitled to support from a legacy by the will of her husband." The order, therefore, is illegal unless construed as limited in operation to one year.

If by this claim the executors merely mean (as seems to be indicated by other portions of their brief) that the power of a Court of Probate, in making an allowance out of the estate for the support of the widow or family of the deceased, is limited to such an amount as the court, in view of all the circumstances, shall deem necessary for their support during the settlement of the estate, the claim is true, but has no application to the present case. The record shows that the court has found that so many dollars per month was, in its judgment, the amount necessary for the support of the widow, in view of her expectations under the will and all the other circumstances. It is immaterial whether or not the Superior Court might, on appeal, take a different view, or whether the Court of Probate, held by the same or some other judge, might now entertain a different view. The fact of making the order, as detailed in the record, involves a finding by the court at that time, that the amount then allowed, authorizing monthly payments so long as the estate remained unsettled, was, in the judgment of the court, necessary for the support of the widow. There is nothing in the record that requires us, as intimated in the argument, to treat the allowance as admittedly passing the limits of necessity. The necessity meant by the statute is, within reasonable limits, a relative one. The amount "necessary" for support must, to a certain extent, depend upon the amount of the estate, as well as other circumstances. The allowance in this case is one

that might call for different opinions, but it is not one that
a court could not honestly deem "necessary," within the
meaning of the statute; and it should be remembered in this
connection, that the allowance was so made that its continu-
ance could be stopped at any time, if occasion should arise,
by appropriate action of the court. It is not competent in
construing this order, to assume that the Court of Probate
exceeded its power, by authorizing an allowance it did not
deem necessary. The plain meaning of the order, a meaning
which has been acted on by the executors and Court of Pro-
bate for four years, cannot be changed in this way.

If, however, this claim of the executors is, as its language
would seem to indicate, that an allowance by the Court of
Probate for support of the widow, concurrent with her recep-
tion of any benefit from the estate, is illegal or contrary to
the policy of the State, the claim is untenable, and is not sup-
ported by the language of the statute or any decision of this
court.

It was the practice, from a very early time in our history,
if not from the settlement of the Colony of Connecticut, for
the court administering the estate of a deceased person, to
make such allowance out of the estate as it deemed proper
for the support of the widow or family of the deceased dur-
ing the settlement of the estate; and this practice became a
part of our common law. *Wheeler* v. *Wheeler*, 1 Conn. 51,
53. In 1825 the present statute on the subject was passed,
and this statute is in confirmation of our common law.
*Leavenworth* v. *Marshall*, 19 Conn. 408, 417. Such practice
is a result of one of the fundamental conditions on which the
law takes possession and control of the property of a deceased
person. It applies to personal property and not to real es-
tate; because the law ordinarily gives to the heir at law or
the devisees, an immediate right to the latter, and assumes
the power of its disposition only when the personal estate is
insufficient to pay the debts of the deceased, or for other
specified purposes. During the settlement of the estate the
personal property is in the hands of the law, charged with
the fulfillment of certain legal duties belonging to its former

owner at the time of his death; among these are the payment of his debts and the support of his dependent family. To a limited extent the use of the estate for the purpose of that support is even paramount to the payment of debts. *Barnum* v. *Boughton*, 55 Conn. 117, 118. Of necessity, the value of the support charged upon the estate must depend in part on the amount of the estate, and the condition and circumstances of the dependent family. Where there is no dependency there can be no duty of support. Where the dependency is partial the duty is partial. The necessity of support during settlement may co-exist with the expectancy of future benefit from the estate; and the present enjoyment of an inadequate income, whether from the estate or otherwise, does not wholly relieve the estate from the duty of support. It is impossible to lay down fixed rules for the application of such a principle; and so the determination of the amount necessary in each case for the support of the widow or family during settlement, of the adequacy of any provision made by the will, and of the relation of such provision (whether it takes effect during or subsequent to the settlement of the estate) to the amount that should be allowed, has been left in the first instance to the discretion of the Court of Probate, and upon appeal to the discretion of the Superior Court; and this discretionary action of the Court of Probate cannot be reviewed except upon appeal. *Lawrence* v. *Security Co.*, 56 Conn. 423, 443. Upon appeal to the Superior Court and proper proceeding in error to this court, the action of the Superior Court may be reviewed, and, if clearly contrary to the radical principles on which such action rests, may be set aside. This was apparently implied in *Leavenworth* v. *Marshall*, *supra*. In that case the widow, who was also the executrix, had received under the will substantially the whole of the personal estate and a life estate in the homestead and home farm, had had actual possession of the whole property during the four years of settlement, and, in rendering her final account as executrix (without any previous order or action of the Court of Probate), had charged the estate a lump sum as paid for her support as

"family," and a similar sum as paid for interest on her legacy; and having by this process of accounting made her payments as executrix exceed the amount of personal property, had sold under an order of sale a portion of the real estate devised to others, and had applied the proceeds to meet the deficit so created. Upon appeal to the Superior Court from the order of the Court of Probate allowing this account, and from its order for the sale of the real estate, and motion in error to this court, it was held that the Superior Court erred in affirming the allowance of the administration account. And, speaking with special reference to the facts of that case, the court said, p. 418: "The power of taking the property of an heir or devisees, and appropriating it for the benefit of others, without the consent of the owner, ought to be cautiously exercised, and never carried beyond the necessary requirements of the case. The true rule upon this subject is this: Wherever the widow and family of a deceased person have adequate provision made for their support, either by will or in any other manner, they are not entitled to a support out of the shares of others, who are not members of the family." As a rule of guidance to the Superior Court in acting on the facts disclosed in that case, the language is appropriate; but it cannot be held (as claimed by the executors) to support the theory that either the law or policy of this State is inconsistent with an allowance (concurrent with some provision by the will) for such amount as the court deems, under the circumstances, necessary for the support of the family during the settlement of the estate. The reasons which justify such an allowance, and should in general control the court in determining its amount, are better and more fully stated by *Judge Loomis*, in an opinion given in deciding a case tried in the Superior Court for Tolland County, September term, 1888. "It (the allowance) has never depended on the certainty or probability of the wife's receiving something upon the distribution of the estate. There may have been no real estate in which she could take dower, and the estate may have been insolvent, leaving nothing for distribution after the payment of debts, perhaps not

enough even for the payment of the debts, so that the allowance to the widow may have come wholly out of the creditors. The allowance to a widow for her support is in the nature of a continuance of the support after the husband's death which he or his estate had furnished her before his death. But for it the widow and family, even where there is ample estate, might be subjected to great inconvenience and perhaps brought into an extremity. There is at first no legal certainty as to the condition of the estate, and until that certainty is arrived at by the completion of the settlement of the estate, the widow and family keep on, ordinarily in the home where they have lived, supported by a reasonable allowance from the estate." *Baker's Appeal*, 56 Conn. 586, 588. We think the considerations urged by the executors do not justify the construction of the order of the Court of Probate claimed by them.

The executors contend " that the real controversy in this appeal was between the representatives of Mrs. Daniels on the one hand, and the beneficiaries in the residuary estate of Mr. Daniels upon the other; " and apparently the Court of Probate took the same view in allowing the executors' account, and attempted to settle this controversy under the form of authorizing the contested entries. If it be so, that the residuary legatees might be entitled in equity to have some portion of the payments by the executors to Mrs. Daniels, set off against a claim of her legal representatives for interest on the trust fund which was due her and never paid, it is plain the Court of Probate has no jurisdiction to grant such relief in the manner attempted.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.