CHARLES FRANCIS SMITHERS ET AL., APPEAL FROM
PROBATE (ESTATE OF MARIE D. CURTIS)

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 95501

Memorandum filed July 24, 1956.

*Hirschberg, Pettengill & Strong,* of Greenwich,
for the appellants.

*Macdonald & Oberst,* of Darien, for the appellee
John Jacob Curtis.

HOUSE, J.   The parties have stipulated to the
material facts involved in this appeal and it is un-
necessary to repeat them in any detail. It suffices to
note that the appellee is the widower of Marie D.
Curtis who, in the language of the brief for the
appellants, "during the last year of her life, and
presumably prior thereto . . . supported the appellee,
John Jacob Curtis, and herself with a lavish hand";
the appellee elected to take his statutory share in
his deceased wife's estate, pursuant to the provisions
of § 7309 of the General Statutes (as amended, Cum.

Sup. 1955, § 3002d). Subsequently, the appellee applied to the Probate Court for a widower's allowance, and upon this application the Probate Court issued an order directing the executors to pay $1000 a month, retroactive to the date of Mrs. Curtis' death, for the twelve-month period following her death. It is from this order that the present appeal has been taken. The appellants claim that since the appellee elected to take his statutory share rather than under the provisions of his wife's will the Probate Court had no power to grant any allowance whatsoever. It is further claimed that even if the Probate Court did have power to grant a widower's allowance, under the circumstances the allowance granted was excessive.

The appellee's application for an allowance was filed under the provisions of § 7033 of the General Statutes (as amended, Cum. Sup. 1955, § 2940d), which provided: "Allowance for support of surviving spouse and family. The court of probate may allow out of any estate of a deceased person in settlement before such court such amount as it may judge necessary for the support of the surviving spouse or family of the deceased during the settlement of the estate."

Prior to 1931 this provision for an allowance for support was limited "for the support of the widow or family of the deceased." Rev. 1930, § 4954. Under the language of this provision it had been expressly determined that a decedent's husband did not qualify for an allowance for support. *Rourke* v. *Russell,* 91 Conn. 76. In 1931 the General Assembly amended the statutory provision by § 573a of the 1931 Supplement to the General Statutes to substitute the word "spouse" for the word "widow," thereby expressly authorizing support "of the surviving spouse or family." This was a clear indication of legislative intent that allowances might thereafter be granted

not only to widows but to widowers, and the word "spouse" has continued in this section of the statutes since 1931. It is now § 7033 of the General Statutes, as amended.

The appellants rely upon the provisions of § 7309 (subsequently amended in particulars not material to this case). Historically, this section was the act of 1877 which completely redefined the rights of surviving spouses in the estates of their deceased consorts and provided that a surviving spouse might elect to take a statutory share of the estate of the deceased spouse. Public Acts 1877, c. 114, § 3. It was pursuant to the provisions of this act (which became § 7309) that the appellee elected to take a statutory share of the estate of his deceased wife, rather than under the provisions of her will. Appellants point to the provisions of this section and particularly the provision that "[t]he wife shall also, when in the opinion of the court of probate it is necessary, be allowed a reasonable sum from the estate of the husband for her support and for the support of her family during the settlement of his estate; but, in that case, she shall not take her statutory share until the expiration of the time for which such allowance is made." It is to be noted that under this section an allowance is provided only for the widow and family, not for a widower, and that it is provided that if an allowance is made for the widow, then in that case her statutory share is not to be set out until the expiration of the time for which the allowance is made. It has been determined that in the case of a husband electing to take a statutory interest in the estate of his deceased wife the widower's interest in the estate vests at the decease of his spouse. *Bankers Trust Co.* v. *Greims,* 110 Conn. 36, 47. As the appellants point out, if a widower is entitled to an allowance under the general provisions of § 7033 and also elects to take a statutory share in

the estate of his deceased wife under the provisions of § 7309, then a widower may be favored over a widow who elects to take her statutory share, since he could receive an allowance and also be entitled to the income from his statutory share from the date of his wife's death, whereas a widow under the same circumstances would, under the provisions of the statute, not take her statutory share during the period the allowance is being paid.

It was the practice from a very early time in Connecticut for the court administering the estate of a deceased person to make an allowance out of the estate for the support of a widow or family during the settlement of the estate, and "this practice became a part of our common law." *Havens' Appeal,* 69 Conn. 684, 698. The first statutory enactment appears in the Public Acts of 1825, chapter 10 of which is in substantially the same language as § 4954 of the 1930 Revision, subsequently amended in 1931 to substitute "spouse" for "widow." This statutory provision was in effect when chapter 114 of the Public Acts of 1877 was enacted "in Alteration of the Act concerning Domestic Relations," § 3 of which provides for the election by a widow to take a statutory share of her husband's estate and receive an allowance for support during the settlement of the estate, with the proviso that she shall not take her statutory share until the expiration of the time for which an allowance is made.

Section 7033 of the 1949 Revision, under which the appellee claims, is clear and unambiguous in authorizing a probate court to make an allowance for the support of a "spouse." That another statutory provision provides that a widow may not receive simultaneously an allowance for support and the benefit of her statutory dower interest cannot affect the authority of the Probate Court to make an allowance for the support of the surviving spouse

when such survivor is a widower. If it is the wish of the General Assembly to place a similar restriction upon the allowances and rights of widowers, that is a question of legislative policy which is the function of the General Assembly. Where a legislative enactment is clear and unambiguous there is no occasion to construe it. *Wilson* v. *West Haven,* 142 Conn. 646, 654. It is the intention of the legislature as expressed in the language it used which controls. *Connelly* v. *Waterbury National Bank,* 136 Conn. 503, 510.

It must be concluded that by virtue of § 7033, a Probate Court may make an allowance for the support of a widower, notwithstanding the fact that the widower has elected to take a statutory share in his wife's estate under the provisions of § 7309 as amended.

The remaining question is whether, having determined that an allowance may be made, the allowance granted in the instant case was excessive. The factors which govern the amount of allowance which may be granted in any particular case have been fully discussed in *Havens' Appeal,* 69 Conn. 684, 698, and 2 Locke & Kohn, Conn. Probate Practice, § 392. It rests "in the first instance [in] the discretion of the Court of Probate, and upon appeal to the discretion of the Superior Court." *Havens' Appeal,* supra, 699. The Superior Court cannot exercise the legal discretion. "[I]t can only review the exercise of that discretion to determine whether it has been reasonably and legally exercised." *Reiley* v. *Healey,* 122 Conn. 64, 79.

The stipulation between the parties does not disclose the size of Mrs. Curtis' estate nor the amount of claims against it or expenses of administration. The extent of her property may be gathered, however, from the stipulated fact that the yearly income

paid or payable to the appellee on his statutory share of the estate amounts to approximately $3550. It further appears from the stipulation of the parties that prior to Mrs. Curtis' death she and the appellee occupied a spacious residence, requiring the services of six full-time servants, all expenses for this menage being borne by Mrs. Curtis. Curtis' assets during the year preceding Mrs. Curtis' death did not exceed $10,000 plus his automobile. During the period for which the support allowance was granted, Curtis' living expenses amounted to $8125, his total income to $2275 and the income from his statutory share of the estate to $3550.

Taking into consideration all of the factors which the Probate Court may properly consider in fixing an allowance for support, it cannot be held that the Probate Court did not legally and reasonably exercise its discretion in making the award for support of $1000 a month.

The court finds the issues for the appellee.