ESTATE OF RUTH JOHNSON *v.* ESTATE OF JESSE JOHNSON.

*Widow's Share.   Distribution.   Statute.*

One third of the personal estate of an intestate husband vests in his widow immediately upon his decease, and in case of the decease of the widow before assignment by the probate court, the same passes to her legal representative.

This was the common law rule prior to the statute, (Gen. Sts., p. 384, § 1,) and that statute, providing that the widow shall have such part of the personal estate of her intestate husband "as the probate court may assign to her according to her circumstances and the degree and estate of her husband, which shall not be less in any case than one third after the payment of the debts, funeral charges and expenses of administration," does not alter or prejudice the right she already had, or any of its incidents.

The share which by law passes to the widow is governed by the same rules as the share which passes by law to the heir.

APPEAL from the orders or decisions of the probate court of the district of Washington in the estate of Jesse Johnson.

It appeared that said Jesse died intestate, March 17, 1865, and his widow, Ruth, died on the 26th of the same month, and before any proceedings had been taken in the probate court for the settlement of the estate of Jesse. Jesse died siezed of a parcel of real estate in Middlesex, in said county, on which was a dwelling-house and out-buildings, and the same were kept and used by himself and family as a homestead at the time of his decease, and were of the value of about $1000. Upon the settlement of the account of Moses Holden, as administrator of said Jesse, there was found in his hands, after the payment of all debts, charges and expenses, the sum of $6886.55, as the personal estate of said Jesse, for distribution to the heirs and to said widow's estate, if her representatives are by law entitled to any portion of it, September 3, 1866. At this time, September 3, 1866, Charles Reed, administrator of said Ruth, petitioned the probate court to set out to the estate of said Ruth Johnson her right of homestead in said real estate of said Jesse, and also to assign to her estate not less than one third of the personal estate of said Jesse found in the administrator's hands for distribution as aforesaid. The probate court denied the several prayers of the petitions, and from these decisions of the probate court the administrator of said Ruth appealed to the county court. The marriage of Jesse and Ruth

was a second marriage in both parties. Both had children by their former marriage, who survived them, and all were over twenty-one years of age, and were still living at the decease of said Jesse. There was no issue of this second marriage.

Upon these facts, the county court, Washington county, March term, 1867, PECK, J., presiding, decided that the administrator of said Ruth was entitled to have set out to her estate her right of homestead in said real estate of said Jesse, and ordered the same to be set out, reversing the decree of the probate court as to the homestead, and refused to assign to her estate any part of said personal estate of said Jesse found in the hands of the administrator as aforesaid. The county court made this decision relating to the assignment of personal property, upon the sole ground that, as matter of law, all the widow's rights to personal property were extinguished by her death, she having died before the probate court had acted on that subject, and that after that the probate court had no power to make any assignment of personal estate to her legal representatives, of what she would be entitled to were she still living. The court therefore affirmed the decree of the probate court as to the personal estate. To the decision of the county court as to the homestead the petitionee excepted, and to the decision of this court as to the personal estate the petitioner excepted.

The defendant's exceptions were waived.

*Heaton & Reed*, for the plaintiff.

By the common law of England the widow had an absolute right to a reasonable portion (one third) of the husband's personal estate. 2 Black. Com., 492, 493, and n. u.; *Thayer* v. *Thayer*, 14 Vt., 107.

The question made in this case has been raised in Connecticut, Massachusetts, New Hampshire and Indiana, and decided in favor of the heirs of the widow. Gen. Sts. of Conn., 414, § 57 ; *Kingsbury* v. *Scovill*, 26 Conn., 349 ; Mass. Revised Sts. of 1822, vol. 2, 147, § 2 ; *Foster* v. *Fifield*, 20 Pick., 67 ; *Adams* v. *Adams*, 10 Met., 170 ; *Nickerson* v. *Bowly*, 8 Ib., 424–428 ; Laws of N. H. (ed. of 1815), 207, § 2 ; *Judge of Probate* v. *Robbins*, 5 N. H., 246 ; Revised Sts. of Indiana of 1843, 552. Our statute is so similar that it must receive the same construction.

The temporary provision for the widow and the distributive share should not be confounded. *Hollenbeck* v. *Pixley*, 3 Gray, 521; *Cox* v. *Brown*, 5 Iredell, 194.

*Heman Carpenter* and *Redfield & Gleason*, for the defendant, maintained that the widow's right to the personal estate is fixed, and vests by force of the assignment or decree of the probate court, and if there is no widow to petition for the same, there is no survivor or representative entitled to ask for the "thirds," as it is called. *Phelps* v. *Phelps*, 16 Vt., 73; *Sawyer* v. *Sawyer*, 28 Vt., 249; *Kimball* v. *Deming*, 5 Iredell, 418; *Foster* v. *Fifield*, 20 Pick., 67.

The opinion of the court was delivered by

STEELE, J. The question is whether the widow's one third of the personal estate of her intestate husband vests in her at the death of her husband, or only upon assignment of it to her by the probate court. In this case, the widow, Ruth, died before any assignment to her from the personal estate of her deceased husband, Jesse. There was no issue of their marriage, but it was the second marriage of both, and each left children by a former marriage. It now becomes a question of some practical importance, whether the one third of the personal property, which the widow would have received if she had lived until her husband's estate was settled, shall pass to the children of *her* former marriage, in whose interest this suit is prosecuted, or shall pass to the children of her *husband's* former marriage, in whose interest this suit is defended.

The statute provides that the widow shall have such part of the personal estate of her intestate husband " as the probate court may assign to her, according to her circumstances and the degree and estate of her husband, which shall not be less, in any case, than one third, after the payment of the debts, funeral charges and expenses of administration." Gen. Sts. 384, § 1.

In order not to over estimate the force of this statute, it is well to bear in mind what the law was without it. Independent of this statute, the right of the widow to one third of her intestate

husband's personal estate was absolute, and vested in her, subject of course to the usual charges, on the instant of her husband's decease. See opinion of BENNETT, J., in *Thayer* v. *Thayer*, 14 Vt., 107; ALDIS, J., *Holmes* v. *Bridgman*, 37 Vt., 28; 4 Bac. Ab., 95, § 4; Tolman's Laws of Vermont, 132, § 31.

It is not the purpose of our statute, in providing that the court may, in their discretion, assign to the widow a sum in addition to the one third, to alter or prejudice the right she already had, or any of its incidents. So far as her right depends upon the discretion of the probate court in view of, among other things, "her circumstances," the right is personal to the widow herself, and if she dies before action upon it by the probate court, the right dies with her and does not pass to her representative. The one third, on the other hand, is her share. It vests in her by law. It does not depend upon the discretion of the court. It is true that the amount of it has to be ascertained and the identity of the widow established before it can be formally assigned to her. The same is true of the distributive share of any of the heirs. When these preliminary facts are settled, the duty of the probate court to confirm the one third to the widow by a proper decree is imperative. Her right to the one third is recognized and affirmed by the statute referred to, not created by it. The innovation made by that statute is in conferring upon the widow a qualified right to a sum in addition to the one third, and as that addition is left to the discretion of the court, the legislature, to avoid mistake, distinctly provide that the discretion shall not extend to the one third, thus indicating a purpose to leave the one third as it stood before, the widow to that extent taking by right directly from the husband. No argument is to be drawn from the fact that she does not come into the control of the property until it is formally assigned to her, because that argument, if it proves anything, proves too much. For the child or heir does not obtain control of his distributive share until it is passed to him by the court, and yet if he dies before assignment, his share passes to his heirs and not to the heirs of the ancestor. The share which by law passes to the widow is governed by the same rules as the share which passes by law to the heir.

The questions raised in this case have been made on statutes quite similar in other states, and it has been almost uniformly held, as will be seen by an examination of the cases cited by counsel, that, while the widow's right, so far as it rests in the discretion of the probate court, is personal to the widow, her right, so far as it is regulated absolutely by the law of descent and distribution, vests in her at the decease of her husband and passes to her representative, even though she had not come into the enjoyment of the property before her decease.

The judgment of the county court is reversed, and judgment is rendered that the widow's right of homestead and one third the personal estate be set out and assigned to the petitioner, and this judgment is ordered to be certified to the probate court.