## L. C. LEAVINS, GUARDIAN,

v.

## LOVINA EWINS ET AL.

OCTOBER TERM, 1894.

*Probate court cannot correct error of law in its decree.*

An error of law in a decree of the probate court distributing the estate of a deceased person should be corrected by appeal, and if no appeal is taken the decree establishes the law of that case, and cannot be subsequently altered by the probate court.

Petition to the probate court for the district of Franklin, praying for the correction of an error in its decree distributing the estate of Lewis Ewins. The probate court granted the relief asked for, and the petitionees appealed. Heard at the April term, Franklin county, 1894, TAFT, J., presiding, upon the motion of the appellants to dismiss the petition. Petition dismissed and exceptions by the petitioners.

*H. C. Adams* and *J. J. Hill* for the petitioners.

*H. Elmer Wheeler* for the petitionees.

The probate court cannot correct errors of law in its decrees. That can only be done by appeal. *Scott* v. *Stewart*, 5 Vt. 57 ; *Mosseaux* v. *Brigham*, 19 Vt. 457 ; *Smith* v.

*Howard*, 41 Vt. 74 and note; *Haynes* v. *Kimpton*, 47 Vt. 46; *Ins. Co.* v. *Partridge*, 49 Vt. 121; *Nixon* v. *Phelps*, 29 Vt. 198.

START, J.   In 1874, the probate court for the district of Franklin made a decree, distributing the estate of Lewis Ewins under his will, by which the executor of the estate was ordered to pay to Rosabella, Lovina and Zenobia Ewins, in equal parts, the residue of the personal estate. From this decree no appeal was taken.   In 1893, and after the decease of Rosabella Ewins, this petition was brought, praying the probate court to correct the decree of 1874 by striking out the words "in equal proportions" therein, thus making the three legatees joint owners of the personal estate instead of owners in common.

In making the decree of 1874, the probate court undertook to decree the estate according to the legal effect of the will. It had jurisdiction to make a decree distributing the estate, and its decree unappealed from was binding upon all parties.   The construction given to the will was a legal construction, and became the law governing the distribution of the estate.   If there was an error in the distribution of the estate, it was an error of law; and the remedy was by appeal to the higher court.   No appeal having been taken, the law as then interpreted by the court became the law of the case.   The construction thus given to the will was a judicial construction.   Property rights vested under it; and, for error in that construction, they cannot now be disturbed. *Stone* v. *Peasley*, 28 Vt. 716, and cases there referred to.

*Judgment affirmed; cause certified to the probate court.*