MAUDE O'ROURKE *v.* WALTER H. CLEARY ET AL.

October Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1933.

*Walter H. Cleary* and *Porter, Witters & Longmoore* for the defendants.

*J. W. Redmond* and *Pierce & Miles* for the plaintiff.

SLACK, J. This is a bill in chancery brought under G. L. 3228, for the purpose of having construed the last clause of paragraph eight of the will of Thomas Francis O'Rourke late of Derby, deceased. This paragraph in full reads as follows:

"If I should die possessed of any real estate in Newark, N. J., I give, grant, devise and bequeath the same to my now intended wife, Maude Delaney of Newark, N. J., and I also give and bequeath to her all household goods, house furnishings and all contents of any house or apartment that may belong to me or may be occupied by us in Newark, N. J.; and I give and bequeath to the said Maude Delaney the sum of Twenty-five Thousand Dollars ($25,000.00) all of the above to be to her and her heirs forever."

This case has been here once before. See 104 Vt. 312, 163 Atl. 583. The only question then before us was whether the facts alleged in the bill gave the court of chancery jurisdiction under the statute above mentioned. This question was raised

by a demurrer to the bill and by a motion to dismiss the bill. It was held that the bill stated grounds for equitable relief, and the case was remanded for further proceedings. After remand the defendant answered the bill, and a hearing on the merits was had before a chancellor, who found and stated the facts and entered a decree for plaintiff. The case is here on exceptions to the admission of certain evidence and to certain findings, and on appeal from the decree.

 At the hearing below, plaintiff produced a book on the outside of the front cover of which are the words, "Record of Securities." This book contains a list of different stocks, bonds, mortgages, etc. On the first page, which is Plaintiff's Exhibit "1-a," under date of August 1, 1928, are entered various items of property, real and personal, and the value of each. The total of these items is $320,200. On the inside of the front cover, which is Plaintiff's Exhibit "1-b," are like entries of property and values under date of April 10, 1929. These values total $332,345. This book came into the possession of the executors with other documents of decedent and all entries therein are in his handwriting. This is all that appears regarding such book. These Exhibits, 1-a and 1-b, were admitted in evidence over defendants' exception. They insist that this was error because that it did not appear that these entries were made in the usual course of business, or that they related to decedent's estate. Neither party has cited an authority bearing on the admissibility of this evidence. The general rule is that entries in diaries or memorandum books which are memoranda, merely, are inadmissible as independent evidence in favor of the party making them. *Stockwell* v. *Stockwell's Estate,* 92 Vt. 489, 105 Atl. 30; *Covey* v. *Rogers,* 84 Vt. 151, 78 Atl. 792; *Barnes* v. *Dow,* 59 Vt. 530, 10 Atl. 258; *Lapham* v. *Kelley,* 35 Vt. 195. See, also, *Lassone* v. *Railroad,* 66 N. H. 345, 24 Atl. 902, 906, 17 L. R. A. 525. It is clear that this evidence would not have been admissible in favor of decedent in his lifetime, and that it would not be admissible in favor of his estate. Nor does enough appear to make it admissible for the purpose for which it was manifestly received, namely, to show decedent's belief as to the value of his property on the dates named, since manifestly these memoranda were not made in the usual and regular course of business, neither does it appear that they relate to decedent's then property. This evidence was inadmissible; and the findings respecting decedent's

belief regarding the value of his property based on such evidence, which findings were excepted to, must be rejected. The sole bearing of these findings is on the question of whether decedent at the time he made his will did or did not intend the $25,000 bequest to plaintiff to be in addition to what she would take under the statute provided they intermarried and she survived him. Since this is so, if the remaining findings, together with the provisions of the will, sustain the decree, it must be affirmed.

The decree in effect is that "the plaintiff * * * takes the sum of Twenty-five Thousand Dollars in addition to and not in lieu of her statutory rights as the surviving widow of the decedent, and, therefore, is not required to elect between taking such bequest or her statutory rights as such surviving widow."

The findings, other than those rejected, material to the question before us are, in substance, these: The decedent and plaintiff were engaged to be married in May, 1927. They were married November 27, 1928, and lived together as husband and wife until decedent died, January 29, 1931. The will in question was made November 21, 1928. The appraised value of decedent's estate, not in dispute, as appears from the inventory filed by his executors, was $170,988.87. In addition to this, the inventory shows other property valued at $36,402.62, the ownership of which may be questioned. This was a fair valuation of both classes of property at the time of decedent's death. At the time of his death, decedent owned a home in Derby Line worth several thousand dollars, its value does not appear; real estate in Derby, and Rock Island, Canada, worth approximately $10,000, and an interest in three other pieces of real estate in Derby and Derby Line, the value of which does not appear. He never owned any real estate in Newark, New Jersey. Claims were allowed against his estate amounting to $6,830.37. The home at Derby was occupied by decedent for many years before his death, and he never acquired any other homestead after the will in question was made. That place was given to his first wife by her grandfather. Decedent acquired title to it by decree of the probate court in the settlement of his first wife's estate and by deed from his son, Thomas Nelson O'Rourke. At the time plaintiff married decedent she had money enough to support herself, although the chancellor says that the amount cannot be determined from the evidence.

The plaintiff and decedent had no children. He left a son by his former marriage, Thomas Nelson above mentioned, who is now twenty-seven years old, and lives in Washington, D. C. He left no other children or representatives of children. After the son left home, he saw his father frequently, and the relations between them were always affectionate. Decedent left $7,000 of insurance payable to his son, the policies for which were in force when this will was made.

It appears from the will that decedent bequeathed to each of six institutions and individuals $500; that he gave in trust $500 for the care of his lot in the cemetery, $10,000 for the support of one Mattie A. Nelson, and a sum sufficient to yield an income of $50 per month for the support of his brother; that such part of the second trust fund as remained at the death of the *cesqui* and the entire principal of the last trust fund at the death of the *cesqui* become part of the residuum of decedent's estate. Following these provisions is a devise of the home in Derby Line to decedent's son, then follows the bequest to the plaintiff, and, finally, all of the residue and remainder of decedent's estate is devised and bequeathed to his son.

■ It is well settled in this State that a devise by the husband does not extinguish the widow's right to homestead and dower, unless it *clearly* appears that such was the intention of the testator. *In re Hatch's Estate,* 62 Vt. 300, 18 Atl. 814, 22 A. S. R. 109; *Re Wells' Estate* v. *Congregational Church,* 63 Vt. 116, 21 Atl. 270; *Meech* v. *Estate of Meech,* 37 Vt. 414. This is the rule of the common law. How such intention may be indicated is pointed out in the cases last cited. Whether the same or a different rule obtains respecting a widow's statutory rights in the personal property of her husband depends upon the construction of the statute, a question not before us.

■ ■ In this case it does not appear from the provisions of the will, examined in connection with the facts above stated, that it was the intention of the decedent that this bequest should be in lieu of plaintiff's statutory rights as surviving widow; consequently, we hold that the bequest in question must be treated as being in addition to such statutory rights. What those rights are in either the real or personal property of decedent, and the steps necessary for plaintiff to take to avail herself of them, depend upon various provisions of the statute which it is for the probate court, rather than for the court of

chancery in proceedings under G. L. 3228, to construe and apply.

It was said when the case was here before that, "It must be kept clearly in mind that proceedings under G. L. 3228, are restricted to the construction of the alleged doubtful or disputed terms of a will. They are not to be instituted, under the guise of such an objective, for the purpose of obtaining advice from the court of chancery as to the construction of statutes affecting the rights or interests of a surviving widow in the estate of her deceased husband; nor to determine whether the intention of the testator affects the question of election between the provisions of the will and the widow's statutory allowance of the personal estate, as well as her statutory interest in real estate. Such questions are to be determined in the first instance exclusively in the probate court." After discussing the jurisdiction of the probate court respecting questions arising under G. L. 3405, subd. II, it is further said, "We hold that paragraph 2 of G. L. 3405, does not interfere with the exercise of jurisdiction by chancery under G. L. 3228, *within the limited and special purpose of the latter act.*" (The italics are ours.)

■ Having determined that it does not appear that decedent intended this bequest to be in lieu of plaintiff's statutory rights as surviving widow, we have exhausted our authority under G. L. 3228.

The decree is altered so as to read as follows: It is ordered, adjudged and decreed that it was the intention of the decedent that the plaintiff should take said sum of Twenty-five Thousand Dollars in addition to and not in lieu of her statutory rights as his surviving widow, and being so altered, the decree is affirmed, and cause remanded.