IN RE T. FRANCIS O'ROURKE'S ESTATE.

May Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 2, 1934.

*J. W. Redmond* for the appellant.

*Porter, Witters & Longmoore* for the appellee.

POWERS, C. J.    This is the third appearance of this estate in this Court.   In *O'Rourke* v. *Cleary et al.,* 104 Vt. 312, 158 Atl. 673, the jurisdiction of the court of chancery to construe the will of Thomas F. O'Rourke was sustained.   In the same case, 105 Vt. 85, 163 Atl. 583, it was decided that the $25,000 bequest to Maude Delaney O'Rourke, the widow of Thomas, contained in his will, was intended to be in addition to and not in lieu of her statutory rights as the widow of the testator.   But we did not attempt to say what these statutory rights were, as it was considered that that question was for the probate court to pass upon in the first instance.   This case is an appeal by the widow from the final decree of the probate court; and as it is presented involves only the question as to what statutory rights, if any, she has in the personal property of her deceased husband.

P. L. 2823, reads as follows:

> "The surviving husband or widow of a deceased person shall receive out of the deceased's personal estate, not lawfuly disposed of by the deceased's last will, all the articles of wearing apparel and ornament, the wearing apparel of the deceased, and such other part of the personal estate of the deceased as the probate court assigns to such husband or widow, according to his or her circumstances and the estate and degree of the deceased, which shall not be less than a third, after the payment of the debts, funeral charges and expenses of administration."

The rights of the parties here depend upon the force and effect of the words "not lawfully disposed of by the deceased's last will." The testator disposed of all his personal property by his will. Could he *lawfully* dispose of this and thus defeat the widow's participation therein? If he could, it seems plain that the decree below must be affirmed. The use of the expression "not lawfully" disposed of by will plainly implies that the Legislature understood that there is some part, at least, of such personal estate that cannot be lawfully disposed of by a husband's will, and has obvious reference to the one-third of such estate hereinafter considered. The only propriety of the use of the word "lawfully" is thus explained. Otherwise, the statute would have been made to read "not disposed" of by will.

In seeking out the true meaning and effect of this statute, it will be of advantage to keep in mind—as was suggested by Judge Steele in *Estate of Johnson* v. *Estate of Johnson,* 41 Vt. 467, 469—what the law was prior to its enactment.

By the ancient common law, a dead man's personal estate was divided into three equal parts. Of these, one went to his heirs or lineal descendants; one went to his wife; and the third went according to his will. If he left no wife, two parts were at his disposal. If he left no children, the same result followed. If he left neither wife nor children, he could will the whole as he pleased. The shares that went to the wife and children were known to the law as their "reasonable parts," and her share became part and parcel of her "thirds." Such was the law of England for a great many years. But it was modified by statute and custom until it finally became the law, and this was long before we adopted the common law, that a man might dispose of all of his personal property by will. 2 Black. Com. 491, *et seq.* Our earliest statutes on the subject followed this modified common law, and limited the right of the widow to participate in the personal property of her deceased husband to such as was not bequeathed to others. St. 1788, 53; St. 1797, 224; St. 1808, 132. This continued to be the law of this jurisdiction until the passage of the Probate Act of 1821, section 70 of which provided that the widow "of any deceased person" should have at least one-third of the personal estate. This, obviously, was a return to the ancient common law, for it applied to all estates, testate and intestate, and gave the widow an absolute right, will or no will.

Then, after nearly two decades, came the law as shown in R. S. Ch. 47, § 1, containing the phrase now being considered.

A consideration of the rights of the wife in the personal property left by her husband·has been before this Court in several cases. Thus, right away after the phrase in question was adopted, *Thayer* v. *Thayer*, 14 Vt. 107, 120, 39 A. D. 211, which involved the right of a widow to have set aside a conveyance of both real and personal property in fraud of her rights, came before this Court, and it was therein stated that the statute gives the widow at least one-third of the personal estate "and this she cannot be deprived of by the will of the husband * * *."

Again in Re Peck's Estate, 87 Vt. 194, 212, 88 Atl. 568, 576, this Court gave attention to this subject, and said of an estate including both real and personal property: "The rights of a surviving spouse are paramount to all others, even to the power of the other to exercise the right of testamentary disposition. * * * Until these rights are satisfied, no will can be effective."

The right of the wife to any part of the husband's personal property is inchoate as long as he lives, and may be defeated by him by sale or gift thereof made in good faith. *Dunnett* v. *Shields*, 97 Vt. 419, 428, 123 Atl. 626. But at his decease, her inchoate right immediately becomes vested and complete. *Johnson's Estate* v. *Johnson's Estate*, 41 Vt. 467, 469; *Probate Court* v. *Winch*, 57 Vt. 282, 285.

That any attempt by the husband to will away the homestead right must of necessity fail is not questioned. *Meech* v. *Meech's Estate*, 37 Vt. 414, 418; *In re Hatch's Estate*, 62 Vt. 300, 302, 18 Atl. 814, 22 A. S. R. 109. There is a plain analogy between the homestead right and the right of dower, meaning by that term the statutory right of the wife in the real estate other than the homestead. Both are granted for the same general object and both are highly favored in the law. *In re Hatch's Estate*, 62 Vt. 300, 305, 18 Atl. 814, 22 A. S. R. 109. There is an equally plain analogy between these rights and the right here in question. It, too, is the product of a commendable desire to safeguard the interests of the wife, is predicated upon a sound public policy, and deserves the high favor of the law.

But we must construe the statute as we find it and must give the phrase in question a meaning consistent with other cognate provisions.

Reverting again to the legislative history of this statute we find that the statute of 1839, R. S. Ch. 47, § 1, is divided into two parts. In part 1, the widow takes "* * * such other part of the personal estate of the *intestate*," which shall not be less than one-third. This part, then, applies only to an *intestate* estate. In part 2, it is provided that the same allowance shall be made when the widow waives the provisions made for her in her husband's will. This part, then, applies only to *testate* estates, and is an adoption of the modified common law above referred to, and in many cases, if not usually, the widow takes nothing unless she waives the will.

The language just referred to has persisted through all the revisions of the statutes down to that of 1917. It appears in No. 76, Acts of 1888, and in No. 83, Acts of 1906. But in section 3278 of the General Laws (1917), the word "intestate's" referred to above is changed to "of the deceased," probably to make it harmonize with the word "deceased" in the third line of the section. This change, being the result of revisions, it will not be presumed that it was intended to work a change in the law. *Cuthbertson* v. *Ritchie*, 99 Vt. 50, 54, 130 Atl. 756. This view is strengthened by the fact that the statute still retains the provision about waiving the will, which would be wholly unnecessary if the widow was not required to waive her benefits thereunder, in order to avail herself of the benefits of the statute. It is a familiar rule that one cannot take under a will and against it. One who accepts a bequest does so on condition of conforming to the will. No one is allowed to disappoint a will under which he accepts a benefit. *Church's Exr.* v. *Church's Estate*, 80 Vt. 228, 233, 67 Atl. 549.

We find nothing in our cases that precludes these views. It is still true that a husband cannot will away his personal property without the consent of the wife either express or implied. He cannot cut her off. But she can cut herself off. Judge Bennett must have had this rule in mind when he wrote the opinion in *Thayer* v. *Thayer, supra,* for he says that in *Edmondson* v. *Cox*, 7 Viner's Ab. 202, the Master of the Rolls held that before the widow could have a decree for her customary share, she must first disclaim all benefit under the will.

In all we have said thus far, we have treated the statute in its general application. But in the case before us, it was established by our former decision that this testator intended that his widow should take the bequest and her statutory rights, whatever they were.

The statutory rights of a widow are: (1) Homestead; (2) statutory dower; (3) one-third, at least, of the personal property. None of these can lawfully or effectively be willed away from her without her assent. If the $25,000 legacy is to be in addition to her statutory rights, it must be in addition to all of them as enumerated above. In such a case, the widow does not take *against* the will; she takes both benefits *under* it, for that is just what the testator intended; and his intention is to be given effect, since it is not contrary to law. *In re Beach's Estate*, 103 Vt. 70, 76, 151 Atl. 654. When a testator intends that his widow shall take both a legacy and her statutory rights, it would defeat that intention to require her to elect, because an election is a choice between benefits. Under an election, this widow could have only one of the benefits, whereas the testator intended that she should have both. This intention is to be given effect as completely as it would be if it had been expressly stated in the will.

We hold, therefore, that the decree appealed from should have included in the widow's share at least one-third of the personal property of the estate as contended for by the appellant.

*Decree reversed, and cause remanded to the probate court for a decree so corrected as to conform to the views herein expressed, to be so certified. Let the appellant recover costs in this Court and the court below.*