ISABELLE PHILLIPS *v.* NORTHFIELD TRUST CO., EXR. ET AL.

February Term, 1935.

Present: POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed May 7, 1935.

*Erwin M. Harvey* and *Finn & Monti* for the petitioner.

*J. Ward Carver* and *Murdock A. Campbell* for the petitionees.

POWERS, C. J. This is a direct appeal from a declaratory judgment of the probate court within and for the District of Washington, construing and giving effect to the last will and testament of Frank A. Phillips, late of Northfield in said district, deceased. It brings with it a bill of exceptions saved at the hearing in that court.

The conceded facts show that Phillips died testate, leaving a widow, the petitioner herein, and a daughter, Edna, a defendant, the issue of a former marriage, now the wife of a man by the name of Plastridge. The Phillips' will was duly probated in the court below, and the Northfield Trust Company, a defendant herein was confirmed as executor, and qualified and is acting as such.

The assets of the estate are appraised at nearly $41,000, mostly personal property, but including $1,500 worth of real estate not subject to a homestead right. The will provided for the payment of the debts in one paragraph, appointed the Northfield Trust Co. as executor in another, and disposed of all of the testator's estate in a third as follows: ''All the rest, residue and remainder of my estate, real personal and mixed, of whatever nature or description, and wheresoever situated, I give, devise and bequeath as follows: One-third of said rest, residue and remainder to my wife, Isabelle C. Phillips, now of said Northfield, and two-thirds of said rest, residue and remainder, to my daughter Edna E. Phillips, now of Albany, in the State of New York. To them and their heirs, executor and administrator and assigns, forever.''

This petition was brought to said probate court to obtain a declaration of the respective rights of the petitioner and the daughter Edna in the property of the testator under this will.

■ Upon a consideration of the facts above set forth, the court below found and adjudged that it was the clearly expressed intention of the testator that the testamentary provision made for the petitioner was to be in lieu of her marital rights in his estate, and not in addition thereto. Though raised in various ways, the only question before us is: Was this conclusion correct?

In the consideration of this question, we must bear in mind that in these direct appeals we have no fact-finding jurisdiction; we sit in error, only. *Parkhurst* v. *Healy's Estate,* 97 Vt. 295, 296, 122 Atl. 895. So taking the facts from the record, we review questions of law raised thereby.

■ ■ The question of a testator's intent is usually if not always a question of fact. 64 C. J. 365. But the question whether there is any evidence fairly and reasonably tending to prove a certain intention is one of law for the court. *Coolidge* v. *Taylor,* 85 Vt. 39, 48, 80 Atl. 1038. So too, the question whether the intent is established by the requisite measure of proof is one of law, and is reviewable. It is here just like the question presented in *Fife* v. *Cate,* 85 Vt. 418, 427, 82 Atl. 741, 746, which was whether a mistake was established beyond a reasonable doubt, of which Rowell, C. J., said: "And this Court will, of course, look into the evidence to see whether or not it is legally sufficient to sustain the findings to the requisite degree of certainty. If it is, the findings stand, if otherwise warranted. If it is not, they fall."

■ There is also another rule under which the construction of this instrument is one of law: "The construction of writings, when once the facts necessary for fixing it have been ascertained, as they were here, none of them being in dispute, is for the court and not for the jury." *Mellen* v. *U. S. Health & Ins. Co.,* 85 Vt. 305, 307, 82 Atl. 4, 5. So we proceed to a consideration of the question on which the case turns.

■ A surviving spouse is a favorite of the law. It is said in 2 Schouler, Wills (6th ed.), that our law has always favored the surviving husband, so far as any testamentary disposition by the wife was concerned, and that the latest decisions in this country indicate a growing disposition to favor the surviving

wife in the construction of her husband's will. It is frequently said in the cases, as in *Moffett* v. *Elmendorf*, 152 N. Y. 475, 46 N. E. 845, 57 A. S. R. 529, that provisions in a husband's will for the benefit of the wife should be construed liberally in her favor.

This growing liberality toward a surviving wife is manifest in our statutory law. Thus, by P. S. 2936, subd. II, in circumstances named a widow took all of her husband's estate if it did not exceed $2,000; and if it did exceed that sum, she took $2,000 and one-half of the remainder. By G. L. 3416, subd. II, in the same circumstances, she took all of the estate if it did not exceed $2,500; and if it did, she took $2,500 and half the remainder. By No. 86, Acts of 1919, she took all of the estate if it did not exceed $4,000; and if it did, $4,000 and half the remainder. By No. 46, § 2, Acts of 1929, she takes the first $4,000, and half the remainder, together with her homestead, if any, of $1,000 which previously had been deducted from her share.

■■ The common-law rule is that in the absence of an express or implied intention on the part of the testator that his widow should elect between her lawful rights in his property and the provisions made for her in his will, she shall take both. So far as her homestead and dower rights are concerned, it has been the established rule of this jurisdiction that she takes both unless it clearly appears that such was not the intention of the testator. *Meech* v. *Estate of Meech*, 37 Vt. 414, 419; *In re Hatch's Estate*, 62 Vt. 300, 303, 18 Atl. 814, 816, 22 A. S. R. 109; *Well's Estate* v. *Congregational Church*, 63 Vt. 116, 118, 21 Atl. 270; *O'Rourke* v. *Cleary*, 105 Vt. 85, 89, 163 Atl. 583. If the will leaves the matter in doubt, the widow is given the benefit of that doubt, and she takes both. ''The question is not what the testator *probably* intended,'' says the court in *Re Hatch's Estate, supra,* ''It is not for the court to determine, upon all that is contained in the will, whether it is more *likely* that the bequest was intended to be in lieu of dower, or in addition thereto. It must be entirely inconsistent with an intention on the part of the testator that his widow should have dower in his estate.''

■ The obvious and inescapable effect of the language of our cases is to impose upon him who asserts that the testator intended that the provisions made for his widow should be in

lieu of her marital rights in his estate, not only the burden of proving that fact, but of proving it beyond a reasonable doubt. We have but two standards of proof, a preponderance of evidence and beyond a reasonable doubt. *Foundry Mfg. Co.* v. Farr, 98 Vt. 109, 111, 126 Atl. 548. So where the requirement is that an intention must be "clearly expressed," which means that it must "clearly appear," it results that "if a reasonable and substantial doubt is raised by the words employed in the covenant, it must be resolved against the grantor." See *Fife* ·v. *Cate*, 85 Vt. 418, 425 *et seq.*, 82 Atl. 741.

· *In re O'Rourke's Estate*, 106 Vt. 327, 175 Atl. 24, 25, we placed the widow's statutory share of the personal property in her husband's estate in the same class as her homestead and statutory dower, and held that when by his will the husband intended that its provisions should be in addition to her statutory rights, she was entitled to all of her statutory rights, including her interest in his personal property, in addition to what the will gave her.

■■ It follows that this petitioner is entitled to all of her statutory rights together with what is provided for in the will, unless the facts hereinbefore recited show beyond a reasonable doubt that the testator intended that she should only take one or the other.

A careful consideration of the matter convinces us that facts fail to establish such an intention beyond a reasonable doubt, and that the conclusion of the probate court was unwarranted.

The very fact that Phillips made a will which it must be admitted gave the wife just what the law does (see *Johnson* v. *Johnson's Estate*, 41 Vt. 467, 470), is enough to raise a reasonable doubt on that question. Why did he make a will at all if he intended her to have only what the law would give her without a will? Not having made his intention so clear as to exclude a reasonable doubt, the provision made for the widow must be taken to be cumulative.

*Judgment reversed, and judgment declaring that the petitioner is entitled to her statutory rights in her late husband's real and personal property in addition to what his will gives her. Let her recover her costs, and let this result be certified to the probate court.*

SHERBURNE, J., dissents.