IN THE MATTER OF THE ESTATE OF ALFRED TAYLOR.

October Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 1, 1938.

82

*J. W. Redmond* and *Raymond L. Miles* for the appellant.

*Hubert S. Pierce* for the appellee.

MOULTON, C. J. Alfred Taylor died testate on June 12, 1912. By his will he directed: "That if my wife, Margaret Taylor, survives me, my said executor pay over to her, so long as she shall live, the income from my estate less only the expenses of administering the same; but I particularly direct that if any of the conditions or stipulations mentioned and set forth in a certain contract, now in the possession of Aaron H. Grout, of Newport, Vermont, entered into on the 7th day of April, A. D. 1911, by and between the said Margaret and myself, on the one part, and the said Grout as trustee, on the other part, shall have been broken or unfulfilled by the said Margaret; then this provision

for her support shall be null and void; and I further direct that if the said Margaret shall, during my life time, desert me or leave my bed and board or refuse to care for me as a wife should, then she shall forfeit all rights and benefits under this my will, and shall have no interest whatsoever, either marital or otherwise, in and to my said estate or the income thereof.'' Other paragraphs of the will provide for the distribution of the estate upon the death of Margaret, among the sisters and sister-in-law of the testator, or if any such beneficiaries should not survive him, to the heirs of their bodies. The will was admitted to probate, the widow filed no written waiver of the provisions made for her, and all the legatees were living at the time of the testator's death. On April 8, 1913, upon the petition of the widow, the probate court ordered the executor to pay to her the sum of $500 out of the avails from the sale of the testator's dwelling house, as and for her homestead interest therein. On the same day a decree of distribution was made, after due notice to all persons interested, and no one appearing to object, which, after stating the amount in the hands of the executor after payment of the expenses of administration, the debts and funeral charges and the homestead interest of the widow, recited the third paragraph of the will above quoted, and concluded as follows: ''And whereas, it appears that none of the conditions in said contract have been broken or unfulfilled, and that the said Margaret, during the life of said testator, by no act of hers forfeited any rights or benefits under the conditions set forth in said will: Therefore, it is ordered by said Court that the said Margaret Taylor shall be paid by said Executor, so long as she shall live, the income from said estate above described less the expenses of administering said estate; and the said Executor, upon the death of said Margaret Taylor, is directed to render a full and true accounting of his administration of said estate, and to pay over and deliver the estate then remaining in his hands to the persons entitled to the same in accordance with said will and with a decree of distribution to be made by said Court at that time.'' No appeal was taken, either from this decree or from the order concerning the homestead. Margaret Taylor died on November 22, 1936, at which time there were surviving the testator's sister-in-law, and several children of his deceased sisters.

On July 29, 1938, upon the application of the administrator d.b.n.c.t.a. of Alfred Taylor's estate, the probate court, after finding the facts hereinbefore set forth, made a decree of distribution by which "in accordance with the terms and provisions of said last will and testament and in accordance with said decree of the Probate Court dated April 8, 1913," the estate was divided among the legatees designated by the will to take upon the death of the widow. From this decree a direct appeal was taken to this Court by the administrator of the estate of Margaret Taylor upon the ground that it deprived the latter estate of its legal and just share in the estate of the decedent's husband.

The claims of the appellant are that under the terms of the will of Alfred Taylor, his widow was entitled not only to what was given to her therein but to her statutory rights (P.L. 2563 et seq.) in addition, and that the probate court by its order concerning the homestead construed the will in this manner, which order, being unappealed from, is conclusive.

▮ There is no doubt that the law is as the appellant states it—that in the absence of an express or implied intention on the part of the testator that his widow should elect between her lawful rights in his property and the provisions made for her in his will, she shall take both, and that he who asserts that the testator intended that the provisions made for his widow should be in lieu of her marital rights in his estate has the burden of proving that fact beyond a reasonable doubt. Phillips v. Northfield Trust Co., 107 Vt. 243, 247, 248, 179 Atl. 154; O'Rourke v. Cleary, 105 Vt. 85, 89, 163 Atl. 583. And so it is argued that it cannot be found by the quantum of proof indicated, that the testator so intended in this instance, since, although he created a trust fund consisting of all his estate for the benefit of his widow, he referred to it as a "provision for her support," and provided that it should be operative only if she should observe the terms of the contract referred to and should not desert him or fail in her wifely obligations. Therefore, says the appellant, having specified one ground of forfeiture, the testator excluded all others and did not impose upon the widow the necessity of choosing whether she would take her statutory rights or the provisions made for her in the will; and, this being so, she was

entitled to both, under the rule announced in the cases above cited, and was not required to elect which of the two alternatives she would adopt, as held in *In re O'Rourke's Estate,* 106 Vt. 327, 333, 175 Atl. 24.

■ However, if the probate court by its decrees, from which no appeal has been taken, has construed the will, a consideration of this question will be unnecessary. Such decrees, if final, even though erroneous, are conclusive, and establish the law of the case. *Lyons, Exrx.* v. *Field,* 106 Vt. 474, 479, 175 Atl. 11; *Trask* v. *Walker's Est.,* 100 Vt. 51, 60, 134 Atl. 853; *In re Warner's Est.,* 98 Vt. 254, 268, 127 Atl. 362; *In re Peck's Estate,* 87 Vt. 194, 212, 88 Atl. 568; *Sparrow* v. *Watson,* 87 Vt. 366, 370, 89 Atl. 468; *In re Wells' Estate,* 69 Vt. 388, 391, 392, 38 Atl. 83; *Leavins* v. *Edwins,* 67 Vt. 256, 257, 31 Atl. 297; *Ward* v. *Congregational Church,* 66 Vt. 490, 492, 29 Atl. 770; *Lawrence* v. *Englesby,* 24 Vt. 42, 45.

■ In determining whether the probate court construed the will, the homestead order of April 8, 1913, is not alone to be considered. The decree of distribution of that date must also be given attention in connection with it because it is evident that both decrees were made at the same session of the court with regard to the same general subject matter and were intended to, and did, operate to make disposition of the estate, so far as could be done at any time prior to the death of Margaret Taylor. If this decree was a final one, an appeal might have been taken from it. *Wilcox* v. *Wilcox,* 63 Vt. 137, 138, 21 Atl. 423·; P. L. 3001. In the sense that there must have been another decree in the future to dispose of the interests of those who were to take in remainder, the identity of whom could not then have been ascertained, the decree of distribution was not final. *In re Curtis' Estate,* 109 Vt. 44, 50, 192 Atl. 13. But it was final in that an appeal might have been taken from it. *Harris* v. *Harris' Estate,* 82 Vt. 199, 219, 72 Atl. 912. It disposed completely of the matters then before the court, upon the merits, upon the issues presented, and hence was not interlocutory in nature. *Beam* v. *Fish,* 105 Vt. 96, 97, 163 Atl. 591; *Fitzgerald and Merrill* v. *Fitzgerald,* 95 Vt. 301, 303, 115 Atl. 99; *Page* v. *Page's Admr.,* 91 Vt. 188, 189, 99 Atl. 780; *Nelson* v. *Brown,* 59 Vt. 600, 601, 10 Atl. 721. The same is also to be said of the decree concerning the homestead. As we have seen, neither was made the subject

of an appeal. Taken together, therefore, they are conclusive upon the parties. The question is as to their construction.

The homestead decree was, no doubt, inconsistent with the theory that the provisions of the will were intended to be in lieu of the widow's statutory rights, for the homestead right is one of them. *In re O'Rourke's Estate*, 106 Vt. 327, 331, 175 Atl. 24. But, on the other hand, the decree of distribution, which gave the widow only the life use of the net income of the entire remaining estate, was equally at odds with the claim of the appellant that she should have her statutory rights in addition to what was given her by the will. If the probate court had so construed the will, it would have recognized and decreed to her in fee that portion of the estate to which she was entitled by law. The concluding language of the latter decree, directing the executor, upon the death of Margaret Taylor to "deliver the estate then remaining in his hands to the persons entitled to the same in accordance with said will and with a decree of distribution to be made by said Court at that time," does not affect the question, so far as the appellant is concerned, although he argues that the phrase "in accordance with said will" has the effect of leaving the granting of the widow's statutory rights until the termination of the trust, at her death. In *Stowell* v. *Hastings*, 59 Vt. 494, 8 Atl. 738, 59 A. R. 748, a decree of distribution, unappealed from, directing the executor to deliver the balance of the estate, after payment of a legacy, to "the widow of said deceased in accordance with said will," left untouched the question of her interest thereunder and so did not construe the will to determine whether she took for life or in fee; hence it was open to her executor to raise the question. See *Sparrow* v. *Watson*, 87 Vt. 366, 371, 89 Atl. 468. But here the decree expressly gave the widow a life estate in the net income, and if the phrase above quoted refers to her, it "imports no more than that the court determined and adjudged *that* to be the kind of an estate which she took by the provisions of the will." *Sparrow* v. *Watson, supra*. Indeed, we consider that the words have reference only to the ascertainment of the identity of those who were to take after her death and the determination of the proportionate share to which each of them might then be entitled.

The two decrees of April 8, 1913, were within the jurisdiction of the probate court, and in making them the court con-

strued the will. What Margaret Taylor received thereunder was a homestead right plus a life interest in the net income of the balance of her husband's estate. That this disposition may have been erroneous is beside the point. It is too late to dispute it. ''The construction given to the will was a legal construction, and became the law governing the distribution of the estate. If there was an error in the distribution of the estate, it was an error of law; and the remedy was by appeal to the higher court. No appeal having been taken, the law as then interpreted by the court became the law of the case. The construction thus given to the will was a judicial construction. Property rights vested under it; and for error in that construction, they cannot now be disturbed.'' *Leavins* v. *Ewins*, 67 Vt. 256, 257, 31 Atl. 297; see, also, *In re Peck's Estate*, 87 Vt. 194, 212, 88 Atl. 568; *In re Well's Estate*, 69 Vt. 388, 392, 38 Atl. 83.

*Decree affirmed. To be certified to the probate court for the district of Orleans.*