# In re Estate of Edward Keyes Davis

[ 220 A.2d 726 ]

April Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 7, 1966

*Frank L. Bunting* for appellant daughter of testator.

*Ryan, Smith & Carbine* for appellee surviving wife of testator.

**Keyser, J.** This is a direct appeal from the final decree of distribution ordered by the probate court for the District of Manchester in the estate of Edward Keyes Davis. The appellant, Joan Davis Steindler, is the daughter and a legatee of the testator. The Probate court granted an allowance of $400.00 a month to the widow for her support under the provision of 14 V.S.A. §404. The controlling question presented by the appeal is whether the widow is entitled to this allowance for her support against the provisions of the will.

Edward Keyes Davis died on November 18, 1961, leaving surviving him his widow, Evelyn Woods Davis, and Joan Davis Steindler, his daughter by a second marriage. Mrs. Davis was appointed executrix of her husband's estate which amounted to over $140,000.00. In April 1962, on application of the widow the court granted her an allowance for her maintenance of $400.00 per month as provided by statute, 14 V.S.A. §404. This action was ex parte without notice of

hearing to the appellant. In November 1962, the executrix petitioned the probate court for a partial distribution to herself and the appellant as the residuary legatees under the will. After due notice and hearing, the court granted the petition and ordered a partial distribution of $4,000.00 to each residuary legatee. Subsequently, on March 28, 1963, the probate court on application of the widow, without notice to the appellant, renewed and extended the original order for the payment of the monthly allowance during the settlement of the estate "but for no longer period than until her entire distributive share is assigned to her." The support allowance aggregated $9,600.00.

The appellant contends that the widow elected to take under the will and thereby waived her right under the statute for an allowance for the expenses of her maintenance. The appellee argues that she took only by statutory right and not under the will and received only that to which she was entitled by statute and need not claim under the will.

There is no claim that the widow filed an election in writing to waive the provisions of the will. However, she did petition the court for a partial distribution of $4,000.00 to each of the residuary legatees under the will, who were the appellant and appellee. The court decreed such distribution "pursuant to the last Will and Testament of Edward Keyes Davis, and pursuant to law." The appellee accepted the sum so decreed. The final decree of distribution also recites in one of the preambles to the decree: "Whereas the court has continued from time to time the date originally set by said court for the allowance of the accounts of said executrix and a decree of said estate pursuant to the provisions of the Last Will and Testament of the said Edward Keyes Davis. . . ." The record shows that the decree conforms to the provisions of the will and is silent as to any waiver. Under these facts, we think it is clear that the widow did not waive the provisions of the will and thus took under it.

The fifth paragraph of the testator's will reads as follows:

"FIFTH: The provision herein made for my said wife, Evelyn Woods Davis, shall be in lieu of any and all statutory rights to which she may be entitled as surviving spouse."

The statute, 14 V.S.A. §404, which provides for the maintenance of the widow and family during settlement, is as follows:

"The probate court may make reasonable allowance for the expenses of maintenance of the widow and minor children, or either, constituting the family of a decedent, out of his personal estate or the income of his real estate, from date of his death until settlement of the estate, but for no longer period than until their shares in the estate are assigned to them, or, in the case of an insolvent estate, for not more than eight months after administration is granted, and not after the widow's interest provided by section 461 of this title and the personal estate are assigned to the widow."

As noted above, the provision in the will for the widow was "in lieu of any and all statutory rights." The appellant urges that these words expressly direct that the provisions made by will were intended to be in lieu of *all other rights* which the widow might otherwise claim as surviving spouse. Conversely, the appellee says the phrase does not clearly express an intention to cut off the widow's right to allowance.

The only office of judicial construction is to remove doubt and uncertainty. It is the settled doctrine of our decisions that where the terms of a writing, whatever its character, are plain and unambiguous there is no room for construction and it is to be given effect according to its own language. *In Re Estate of Mattison,* 122 Vt. 486, 488, 177 A.2d 230.

The cardinal rule of interpreting wills to which all others are servient and assistant is that from the language used that the meaning intended by the testator is to be ascertained and given effect, in so far as legally possible. *Huestis* v. *Manley,* 110 Vt. 413, 420, 8 A.2d 644 ; *In Re Robinson's Will,* 101 Vt. 464, 467, 469, 144 Atl. 457.

The plain and natural meaning of the words "statutory rights" used by the testator in paragraph five of his will is any rights granted to a surviving widow under authority of our statutes.

The word "rights" is generic and common ; it embraces whatever may be lawfully claimed. *United States Fidelity and Guaranty Co.* v. *Borough Bank of Brooklyn,* 146 N.Y.S. 870, 876, 161 App. Div. 479 ; *Lonas* v. *State,* 50 Tenn. (3 Heisk.) 287, 306.

In *Cook* v. *Dickenson,* 7 N.Y. Super. (5 Sandf.) 663, 664, the court said : "But it [legal right] must be something to which the party

is entitled, not something which he seeks from the favor, or asks from the discretion, of the court."

When the widow applied for an allowance for support four months after her appointment, she was initiating a claim for such allowance which the law gave her. Such allowance is not a matter of absolute right; contrariwise, it can only be brought to life by her own choice and action. The action taken by the probate court on an application for support under 14 V.S.A. §404 is discretionary. *Leach* v. *Peabody*, 58 Vt. 485, 490; *Leach* v. *Extr. of Leach*, 51 Vt. 440, 443. The probate court may grant or deny an allowance to the widow of a testator, or make a conditional award, depending upon the circumstances and the provisions made for her in the will. *In Re Estate of Prouty*, 105 Vt. 66, 75, 153 Atl. 566. The discretionary power of the probate court to grant or withhold the allowance runs counter to the claim that the allowance provision is a statutory right. It is not in the same class of rights as homestead or dower.

The object of this provision for the family of the deceased is predicated upon sound public policy, and deserves the high favor of the law. The purpose of the provision is made abundantly clear in *Leach* v. *Extr. of Leach*, *supra*. See also *In re Shepard's Estate*, 152 Or. 15, 49 P. 2d 448. In a later case involving this same executor of the Leach estate, *Leach* v. *Peabody*, *supra*, the court at p. 490 said regarding the statute:

"The succeeding clause under which these orders (for the widow's support) were made, subjects all the estate to the further burden of maintaining the widow and children so far as the Probate Court may judge necessary. In other words, the statute appropriates the assets to this purpose, but leaves the amount to be fixed with the discretion of the Probate Court. Debts, expenses of administration, and a reasonable allowance for the support of the family, are preferred claims upon the assets which the testator cannot ignore in his disposition of the estate."

We interpret the phrase used by the testator to embrace only such right given by statute to the surviving widow which she can legally enforce, and one which, if sought, cannot be denied. Accordingly, we conclude that the allowance for the expenses of mainten-

ance of the widow in this case is not a "statutory right" resting with her. We find nothing in reason or logic, or in our case law, which compels a contrary conclusion.

The case of *In re O'Rourke's Estate*, 106 Vt. 327, 333, 175 Atl. 24, was an appeal by the widow from the final decree of the probate court. As presented the case involved only the question as to what statutory rights, if any, the widow had in the personal property of her deceased husband. (P. 329 of the Opinion.) The court speaking through Chief Justice Powers said at p. 333:

> "But in the case before us, it was established by our former decision that this testator intended that this widow should take the bequest and her statutory rights, whatever they were. The statutory rights of a widow are: (1) Homestead; (2) Statutory dower; (3) One-third, at least, of the personal estate. None of these can lawfully or effectively be willed away from her without her assent."

It is true, as plaintiff contends, that the *O'Rourke* case was not concerned with the question of widow's allowance. However, it was concerned with the statutory rights of the widow in the personal property of her husband's estate. Under the statute the probate court makes the allowance out of the deceased's personal estate or the income of his real estate. If the support allowance is a statutory right as the appellant claims, it would be a statutory right in the personal estate of her deceased husband but the court in the *O'Rourke* case did not so hold.

"The power [to grant support to the widow and children pending settlement of an estate] is not limited to intestate estates. It is given in all cases—whether there is a will or not, whether the widow waives the provisions of the will or not, whether there is a residuary clause or not—provided there are personal assets from which the allowance can be made." *Williams* v. *Williams*, 5 Gray (Mass.) 24, 25, cited and followed in *Baker* v. *Baker*, 57 Wis. 382, 15 N.W. 425, 431.

While there are verbal differences between the Massachusetts statute and ours, they are substantially the same. And in the *Baker* case, *supra*, the court said that the Wisconsin law had been "clearly borrowed" from the laws of Massachusetts.

■ The appellant claims that the widow waived the right to an allowance for her support by taking under the will. There can be no waiver under the circumstances shown unless the will by clear and unequivocable language shows an intention by the testator that the bequests to the widow are in lieu of her statutory allowance for support pending settlement.

Here, the language used does not encompass any such expressed intention by the testator. We must, therefore, presume that the testator, in making provision for his wife, had in mind that if she desired, or needed support, she would make claim for such allowance. *In re Shepard's Estate, supra.*

An intention of the testator to the contrary must clearly appear by express and unmistakable language. *O'Rourke* v. *Cleary,* 105 Vt. 85, 89, 163 Atl. 583, and cases there cited; *Phillips* v. *Northfield Trust Co.,* 107 Vt. 243, 247, 248, 179 Atl. 154. There is no language used in the statute which is at all inconsistent with, or repugnant to, the provisions of the will.

Moreover, the *Phillips* case, *supra,* further holds that—"The obvious and inescapable effect of the language of our cases is to impose upon him who asserts that the testator intended that the provisions made for his widow should be in lieu of her marital rights in his estate, not only the burden of proving that fact, but of proving it beyond a reasonable doubt." Such proof is lacking in the record of the case at bar.

■ The appellant argues that the two orders of the probate court for the widow's support are of no legal effect since no notice of the hearing on the applications were given to appellant's counsel. She further argues that this court should direct that the allowance be disallowed. These points are not well taken. The amount paid for support is a part of the expenses of administration, *Leach* v. *Peabody, supra.* The appellant concedes any shortage as to such notice would be harmless error since such amount may be approved by the court for the first time on final hearing of the executor's account. *Huntley* v. *Denny,* 65 Vt. 185, 191, 26 Atl. 486. The appellant had notice of this hearing and participated therein. If thus approved, the allowance then becomes a part of the final order and decree subject to appeal on the questions of necessity and reasonableness. A determination of those questions can only be founded on facts.

Our review is limited solely to questions of law raised by the facts shown by the record. *Phillips* v. *Northfield Trust Co., supra,* at p. 246. The record presented is void of any facts surrounding the support allowance. As a result, there is no basis on which we can say the allowance was either unnecessary or unreasonable. The issues of fact, upon which the discretionary order of the probate court was based, could only be reviewed by way of appeal to the county court. Having failed to do so, the facts which underlie the widow's allowance became settled and binding on the parties. *Re Everett Estate,* 114 Vt. 256, 262, 44 A.2d 149; *In re Warner's Estate,* 98 Vt. 254, 269, 127 Atl. 362. By the final decree, there is an implied finding of necessity for the allowance. *Appeal of Havens,* 69 Conn. 684, 38 Atl. 795, 799. We must assume also that the allowance made by the probate court was reasonable.

In *Richardson* v. *Estate of Merrill,* 32 Vt. 27, this court said at p. 33:

"Its [support payments] intrinsic extravagance, or unreasonableness, if that appeared to be the greatest supposable extent, is no ground of holding the decree itself void, when it is brought in question in this collateral manner. If the appellants desired to raise any such question, they should have carried the case, by appeal, into the county court where it could have been revised upon its original merit in the same manner and to the same extent as in the probate court. But there being no appeal taken the decree became binding to the same extent as any other judgment."

The appellant does not dispute, and the record clearly shows, that after due notice and hearing, the probate court, by its final decree approved and allowed the final account of the executrix. All parties had the opportunity to be heard and to raise objections thereto. This was the situation in the case of *Re Everett Estate, supra.* In that case an agreement of settlement was before the probate court at the time of hearing and the decree purported to be made in compliance therewith. This court said—"We must assume that all the provisions agreed upon were considered and given effect in accordance with the Court's construction of them. If there was an error, which we are far from deciding, the remedy was by appeal and when this step was not taken, the decree became conclusive and binding on the parties, in accord-

ance with the principle announced in *Leavins, Adm.* v. *Ewins,* 67 Vt. 256, 257, 31 Atl. 397; *Sparrow* v. *Watson,* 87 Vt. 366, 371, 89 Atl. 468; and *In re Warner's Estate,* 98 Vt. 254, 269, 127 Atl. 362."

There is no error.

*Decree affirmed. To be certified to the Probate Court for the District of Manchester.*