## In re Estate of Mabel Carr

[422 A.2d 943]

No. 66-80

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed November 5, 1980

*Paterson, Gibson & Noble,* Montpelier, for Appellants.

*James S. Brock* of *Cheney & Brock,* Montpelier, for Appellees.

**Per Curiam.** This is an appeal from a decree of distribution in the estate of Mabel Carr entered by the Probate Court for the District of Washington. Mabel Carr died on November 2, 1976, leaving an unrevoked will dated July 2, 1969, which has been admitted to probate. Article XI of the will provides as follows:

> XI. If my sister, Martha H. Legary, survives me, all the rest and residue of my estate, wherever situate, I give, devise and bequeath to my sister, Martha H.

Legary, and my brother, Melville Owens, in equal shares. But if my said sister does not survive me, then and in such event, I give, devise and bequeath all the rest and residue of my estate, wherever situate, to my brother, Melville Owens. I recommend to him, but do not direct, that in such case he divide at least one half of his bequest among his then living children and the descendants of any of his children who may have deceased.

Martha Legary died on September 18, 1970, without surviving issue. Melville Owens died on July 1, 1976, leaving three children and two grandchildren, the children of a deceased son. The surviving children of Melville Owens requested the probate court to decree the entire residue to them in accordance with the provisions of 14 V.S.A. § 558. The court, however, in its decree of distribution, as amended, apparently treated the residue as passing by intestacy under 14 V.S.A. § 551(4) to twenty-five nieces and nephews of the testatrix. The three surviving children of Melville Owens, joined by the two surviving children of Owens' deceased son, appeal to this Court.

The sole question raised on appeal is whether the probate court erred in failing to decree the residue of the testatrix's estate in accordance with 14 V.S.A. § 558. That provision reads as follows:

> When a devise or legacy is made to a child or other kindred of the testator, and such devisee or legatee dies before the testator, leaving issue who survive the testator, such issue shall take the estate so given as the devisee or legatee would have taken if he had survived the testator, unless a different disposition is required by the will.

The appellees, arguing in support of the decree, contend that the will, read as a whole, requires a different construction. We disagree.

■■ "The cardinal rule of interpreting wills . . . is that from the language used that the meaning intended by the testator is to be ascertained and given effect, in so far as legally possible." *In re Estate of Davis*, 126 Vt. 19, 22, 220

A.2d 726, 729 (1966). The effect of the excerpted portion of the will is clear. The disposition to Martha Legary was expressly conditioned upon survival. The disposition to Melville Owens, a kindred of the deceased, was not. This brings 14 V.S.A. § 558 into operation, which, in turn, requires that the issue of Melville Owens take the estate that he would have received had he survived. There is nothing in the will which would suggest that a different result was intended.

*So much of the decree of distribution of the Washington District Probate Court, dated January 30, 1980, as amended, as provides for distribution of the residue in the estate of Mabel Carr is vacated. Cause remanded for the entry of a modified decree distributing the residue in accordance with the provisions of 14 V.S.A. § 558.*