### In re ESTATE of Laverne B. SWITZER

[599 A.2d 358]

No. 91-242

September 26, 1991. Executrix of estate appeals from a superior court decision, affirming a probate court ruling that allowed testator's wife to elect statutory homestead and personal property rights, while at the same time claiming an interest in decedent's real estate under his will. We reverse and remand for further proceedings in accordance with this opinion.

Decedent died in 1987 and was survived by his wife of two years and five children from his first marriage. After allowance of the will by the Marlboro District Probate Court, the surviving spouse filed a notice with that court requesting that court to set out the homestead pursuant to 27 V.S.A. § 105, waiving the provisions of the will in order to claim a share of decedent's real estate, pursuant to 14 V.S.A. § 461, and waiving the will provisions in order to claim a share of the decedent's personal estate, pursuant to 14 V.S.A. § 402.

The probate court denied her election under § 461 with respect to the real property but granted the election under § 402. The court also allowed the surviving spouse to claim under Article Fourth of the will, which bequeathed her a one-sixth share in the decedent's residual estate, which consisted largely of real estate. The executrix, a daughter of decedent, appealed to the superior court, which affirmed the probate court's decision, concluding that a surviving spouse who elects to waive the provisions of a will is not automatically barred from taking under the will. The present appeal followed.

This Court has held that a surviving spouse may, in an appropriate case, take both a legacy under the will and a statutory right, unless it clearly appears that such election was not intended by the testator. *Phillips v. Northfield Trust Co.*, 107 Vt. 243, 247, 179 A. 154, 158 (1935). At issue in the present case is the effect of the following language in the will, which was executed prior to decedent's marriage to his surviving spouse:

> SEVENTH: The provisions in this Will made for my wife to be, Andrea M. Duffy, are intended to be in *lieu* of any statutory *dower* or other rights which she may have in my estate. (Emphasis in original.)

That language clearly and unequivocally expresses the testator's intent to bar his wife from both claiming a legacy under the will and asserting the right to personalty under 14 V.S.A. § 402. The surviving spouse argues that the phrase "or other rights" cannot logically refer to statutory personalty or homestead rights, since these rights cannot be barred by a provision of the will. But the issue is not whether they can be barred by the will, but whether the testator can, by clear and unequivocal language, compel his surviving spouse to elect between rights under statute that he cannot bar, or legacies under the will. This testator has expressed his intention with clarity, and that intention must be honored.

While the decision of the superior court must be reversed, we acknowledge that the surviving spouse, having made her initial elections, may wish to reassess her position, and in fairness and equity ought to be able to do so. We therefore direct that the court conduct further proceedings to allow the surviving spouse to reconsider her statutory elections in light of this opinion. The time within which to make such elections within the meaning of V.R.P.P. 13(b) shall be deemed extended, and the superior courts shall in such proceedings set a reasonable time certain within which the elections shall be made.

*The decision of the superior court is reversed and the matter remanded for further proceedings in accordance with this opinion.*